DECISION AND JUDGMENT
{¶ 1} Appellant, T.L.C. Health Services, LLC, brings this accelerated appeal from a summary judgment issued by the Lucas County Court of Common Pleas in a contract dispute.
 {¶ 2} Appellant is an Ohio limited liability corporation which does business as TLC Transportation. TLC Transportation provides non-emergency medical *Page 2 
transportation services. In 2005, appellant's principals, Vanessa Dunton and Chris Jaquillard, decided to expand their business to provide mobile x-rays and E.K.G.s for patients in nursing homes and private homes. They called this service TLC Diagnostics.
 {¶ 3} Appellees are Enhanced Billing Services, L.L.C. ("Enhanced Billing"), an Akron company which does medical billing, and its principal owner, Annette S. Scranton.
 {¶ 4} At some point in late 2005 or early 2006, appellant responded to a flyer appellees sent to TLC transportation. Appellees represented that they had 17 years experience in healthcare reimbursement with the capability of executing direct electronic data billing to Ohio Medicare and Medicaid. According to Vanessa Dunton, it was appellees' represented expertise with medical billing that appellant found attractive.
 {¶ 5} Following negotiations, on January 13, 2006, the parties entered into an agreement wherein appellee Enhanced Billing would perform billing for TLC Diagnostics for a fee of three percent of collected billings. The contract contained the following provision:
 {¶ 6} "IX. EBS' Warranty and Limited Remedy of Customer
 {¶ 7} "a. EBS warrants that its shall file and process medical insurance claims on behalf of Customer in a manner appropriate for the home health care and billing industries. EBS expressly disclaims any and all other warranties.
 {¶ 8} "b. IN NO EVENT SHALL EBS BE LIABLE FOR ANY DAMAGES WHATSOEVER, WHETHER DIRECT, INDIRECT, CONSEQUENTIAL, INCIDENTAL, PUNITIVE, OR EXEMPLARY OR ANY OTHER DAMAGES, *Page 3 
ABOVE AND BEYOND THE REFUND OF FEES SET FORTH ABOVE; AND ALL SUCH DAMAGES ARE HEREBY EXPRESSLY DISCLAIMED."
 {¶ 9} The relationship between the parties did not go well. During what was purported to be a setup period, appellee Scranton repeatedly requested information from appellant and issued assurances that things were proceeding according to plan. Nevertheless, no cash flow resulted from these efforts. Later inquiries revealed that the accounts appellant provided to appellees for billing were either not billed or were billed defectively. The result, after several months, was that appellees' efforts resulted in no collections. According to appellant, many claims were lost by failure to submit billing within the government's timelines.
 {¶ 10} On March 21, 2007, appellant sued appellees, alleging breach of contract, "promissory estoppel," and tortious interference with contract. Appellees answered, denying liability and eventually moving for summary judgment. In their summary judgment motion, appellees argued that even if everything in appellant's complaint were accepted as true, the remedy limiting clause of the contract between the parties expressly caps damages resulting from breach at the sum that appellees were paid for their services. Since appellees had received no compensation from the contract, appellees maintained, appellant could prove no damages and appellees were entitled to summary judgment as a matter of law.
 {¶ 11} Appellant responded, arguing that the remedy limiting clause was ambiguous and should be construed against appellees. The trial court rejected this *Page 4 
argument and granted summary judgment to appellees. From this judgment, appellant now brings this appeal, asserting in two assignments of error that the trial court erred in awarding appellees summary judgment.
 {¶ 12} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 13} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ. R. 56(C).
 {¶ 14} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ. R. 56(E); Riley v. Montgomery (1984),11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), *Page 5 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 {¶ 15} It is axiomatic that, in a commercial setting, parties are free to enter into whatever contractual relationship they choose. Moreover, "* * * a contract does not have to be fair or equitable to be enforceable. Contracts * * * can be unfair or favor one side over the other. They are still binding and enforceable, so long as they are not procured by fraud, duress, overreaching or undue influence." (Citations omitted.) Walther v. Walther (1995), 102 Ohio App. 3d 378, 383.
 {¶ 16} Appellant feints at arguing fraud, suggesting that appellees' assertion that they had 17 years experience was deceptive when the company was only two years old. This assertion is unpersuasive. On inquiry during deposition, appellee Scranton testified that, although the company was only two years old, Scranton had 17 years experience in medical billing. This testimony is unrefuted and appellant directs our attention to no other material misrepresentations appellees may have advanced. Similarly, appellant directs our attention to no evidence suggesting duress, overreaching or undue influence in the formation of the agreement at issue.
 {¶ 17} Concerning appellant's argument that the two provisions of section IX of the contract are ambiguous, appellant first suggests that appellee EBS breached its warranty to file claims in an appropriate manner contained in section IX(a). Accepting appellant's complaint as true, this assertion is, of course, correct. *Page 6 
 {¶ 18} Next, appellant suggests that section IX(b) is a non sequitur, because it limits appellant's damages to a refund of the fees stated in the contract — three percent of the amount collected — when, in fact, the damages sustained from the breach are approximately $350,000 lost from appellees' failure to timely submit claims.
 {¶ 19} Appellant suggests that ordinarily one who suffers damages from a breach is entitled to damages equaling the party's expectation interest. That is, a party should be put into a position as good as would have been expected had the contract not been breached. Nilavar v.Osborn (2000), 137 Ohio App.3d 469, 494, citing Restatement of the Law 2d, Contracts (1981), 102-103, Section 344. While this is true, it is also true that the parties may agree to limit or expand the scope of the remedies available upon breach with an express provision in a contract. If section IX(b) is valid, such a limitation occurred here.
 {¶ 20} Section IX(b) is not ambiguous merely because it obtains harsh results. Walther, supra. The provision expressly and clearly limits the damages that may be obtained on breach to the fees that appellee Enhanced Billing is paid as the result of the contract. The provision is thus valid. Moreover, the parties agree that appellee Enhanced Billing received nothing from the contract. That, by the agreement of the parties, is then the measure of damages.
 {¶ 21} Appellant also argues that in granting summary judgment, the trial court improperly swept away their additional claims of promissory estoppel and interference *Page 7 
with contract. Appellant complains that the court's judgment does not even mention these causes of action.
 {¶ 22} "The elements of the tort of tortious interference with contract are (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages." Rockport Realty Inv. v. Riedel, 6th Dist. No. E-07-042,2008-Ohio-820, ¶ 24, quoting Fred Siegel Co. v. Arter Hadden (1999),85 Ohio St.3d 171, paragraph one of the syllabus.
 {¶ 23} Appellant's argument is that, but for the agreement into which it entered with appellee Enhanced Billing, it could have contracted with someone else. This assertion essentially admits that there was only an expectation of another contract, not one in existence. Thus, appellant failed to present evidence of an essential element of tortuous interference with contact.
 {¶ 24} Promissory estoppel is a quasi-contractual concept where a court in equity seeks to prevent injustice by effectively creating a contract where none existed by supplying the element of consideration when necessary. Telxon Corp. v. Smart Media of Delaware, Inc., 9th Dist. No. 22098, 2005-Ohio-4931, ¶ 58. The device is not available to override the terms of an express contract where one exists. In this matter there is an express contract; therefore, promissory estoppel is unavailable.
 {¶ 25} Accordingly, both of appellant's assignments of error are not well-taken. *Page 8 
 {¶ 26} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1