[Cite as *Americana Invest. Co. v. Natl. Contracting & Fixturing, L.L.C.*, 2016-Ohio-7067.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Americana Investment Company, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 15AP-1010 |
| | | (C.P.C. No. 14CV-12570) |
| National Contracting & Fixturing, LLC, | : | |
| Defendant-Third-Party-Plaintiff-Appellant, | : | (ACCELERATED CALENDAR) |
| | : | |
| Lowe's Home Centers, LLC, | | |
| | : | |
| Third-Party Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 29, 2016

**On brief:** *Ray R. Michalski*, for appellant. **Argued:** *Ray R. Michalski.*

**On brief:** *Isaac Wiles Burkholder & Teetor, LLC, Michael L. Close, J. Stephen Teetor*, and *Dale D. Cook.* **Argued:** *Michael L. Close.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Third-party plaintiff-appellant, National Contracting & Fixturing, LLC ("National"), appeals a judgment of the Franklin County Court of Common Pleas that granted summary judgment to third-party defendant-appellee, Lowe's Home Centers, LLC ("Lowe's"). For the following reasons, we affirm that judgment.

{¶ 2}   On August 28, 2010, National and Lowe's executed an agreement entitled "Contract for Installation Services."   Under that contract, National agreed to install flooring purchased by Lowe's customers as an independent contractor for Lowe's. Although the contract established a working relationship between National and Lowe's, it did not require Lowe's to provide National with any work.  The contract provided that:

> Nothing in this Contract shall obligate Lowe's to tender any Order to Installer.  It is understood that no promises or representations whatsoever have been made as to the potential number of jobs that may be available at any time during the term of the Contract.  Lowe's may offer jobs described in this Contract to other installers * * *.

(Ex. A at Section 14, Bowman Aff.)

{¶ 3}   Additionally, the contract relieved Lowe's of financial responsibility for any business expenditures National made in order to increase its capacity to perform the installation work.  Specifically, the contract stated:

> Installer further agrees that Lowe's shall not be obligated for any expense incurred by Installer in connection with any increase in the number of Installer's employees, subcontractors or expenditures made by Installer for additional facilities, equipment, or government authorization to engage and practice in applicable industries and trades.

*Id.*

{¶ 4}   Either party could terminate the contract.  If the termination arose from a breach of any contractual term, then the termination was immediate.  If any other reason motivated the termination, then 30-days written notice was needed to effectuate termination.

{¶ 5}   National accepted and performed installation work under the contract without incident.  Sometime in early 2014, Lowe's decided to reduce the number of flooring installers that serviced the 15 Lowe's stores located in central Ohio.  Daniel S. Vaughn, a Lowe's field services manager, told National that under this consolidation plan, "National would be one of only two of the flooring installers working for Lowe's in the area managed by Vaughn."  (Hartman Aff. at 2.)  Such a change would greatly increase the revenues National received from installation jobs provided by Lowe's.  However, Lowe's

conditioned its selection of National as one of only two flooring installers on National relocating its office and warehouse to a larger facility on the southwest side of Columbus.

{¶ 6}  In April 2014, National found a facility that satisfied Lowe's requirements. Plaintiff Americana Investment Company ("Americana") owned and leased the facility, which was located in Grove City, Ohio.  Vaughn viewed the facility and approved it. Vaughn also prepared a letter for Americana explaining why National needed the facility, and he offered to answer any questions Americana had.

{¶ 7}  On May 24, 2014, Americana and National executed a three-year lease on the Grove City facility.  National then moved into the facility and began working as one of two flooring installers for the central Ohio Lowe's stores.  However, in July 2014, Lowe's abruptly terminated its relationship with National.  Without the work provided by Lowe's, National was unable to pay the rent for its new facility, and it vacated the premises.

{¶ 8}  On December 3, 2014, Americana sued National for breach of the lease. National answered the complaint and filed a third-party complaint against Lowe's for promissory estoppel.  National alleged that it leased the Grove City facility in reasonable reliance on Vaughn's clear and unambiguous promise that Lowe's would name National as one of two floor installers for the central Ohio area.  National asserted that it suffered damages—including the loss of its security deposit, the cost of improvements it made to the Grove City facility, and amounts owed to Americana for breach of the lease—as a result of its detrimental reliance.  According to National, Lowe's words and actions made it liable for those damages.

{¶ 9}  Lowe's did not answer the third-party complaint.  Rather, it moved for dismissal of the complaint or, in the alternative, summary judgment.  Prior to responding to this motion, National amended its third-party complaint.

{¶ 10} In a judgment dated October 5, 2015, the trial court denied Lowe's motion to dismiss but granted its motion for summary judgment.[1]  National now appeals from this judgment, and it assigns the following error:

> THE TRIAL COURT ERRED IN GRANTING THE MOTION
> FOR SUMMARY JUDGMENT FILED BY APPELLEE
> AGAINST APPELLANT INSOFAR AS THERE ARE

---

[1] This judgment also granted Americana summary judgment on its claim for breach of the lease and ordered National to pay $37,280.73, plus interest, in damages and $2,061.50 in attorney fees.  As the October 5, 2015 judgment resolved all claims pending before the trial court, it is a final, appealable order.

## MATERIAL FACTS IN DISPUTE AND APPELLEE IS NOT ENTITLED TO A JUDGMENT AS A MATTER OF LAW.

{¶ 11} A trial court will grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 12} Promissory estoppel is a quasi-contractual claim, wherein a court in equity effectively creates a contract in order to prevent injustice. *Interstate Gas Supply, Inc. v. Calex Corp.*, 10th Dist. No. 04AP-980, 2006-Ohio-638, ¶ 103; *accord Olympic Holding Co., L.L.C. v. Ace Ltd.*, 122 Ohio St.3d 89, 2009-Ohio-2057, ¶ 39 (" 'The doctrine of promissory estoppel comes into play where the requisites of contract are not met, yet the promise should be enforced to avoid injustice.' "). By asserting a claim for promissory estoppel, a plaintiff may enforce a clear and unambiguous promise, even in the absence of the consideration necessary to form a contract, if the plaintiff reasonably relies on the promise to his or her detriment. *Id.* at ¶ 103-05; *Gus Hoffman Family L.P. v. David*, 12th Dist. No. CA2006-09-076, 2007-Ohio-3968, ¶ 5-7.

{¶ 13} As a quasi-contractual claim, promissory estoppel is an alternative theory of recovery to a breach-of-contract claim. *See Olympic Holding Co., L.L.C.* at ¶ 40 ("[P]romissory estoppel is an adequate remedy for a * * * breach of an oral promise, absent a signed agreement."). Where an enforceable express contract governs the relationship between the parties, there is no reason or necessity for a court to create a quasi-contract. *Baumgardner v. Bimbo Food Bakeries Distrib.*, 697 F.Supp.2d 801, 815 (N.D.Ohio 2010); *Champion Contracting & Constr. Co. v. Valley City Post No. 5563*, 9th

Dist. No. 03CA0092-M, 2004-Ohio-3406, ¶ 25. Thus, the existence of an enforceable express contract between the parties bars recovery under a promissory estoppel claim. *Right-Now Recycling, Inc. v. Ford Motor Credit Co., LLC*, 644 Fed.Appx. 554, 558 (6th Cir.2016); *Keating v. America's Wholesale Lender*, N.D.Ohio No. 1:11 CV 593 (June 21, 2011); *Harwood v. Avaya Corp.*, S.D.Ohio No. C2-05-828 (May 25, 2007); *Kahler v. Cincinnati Inc.*, 1st Dist. No. C-140407, 2015-Ohio-979, ¶ 20. A party cannot use promissory estoppel to override an express contract. *J&B Fleet Indus. Supply, Inc. v. Miller*, 7th Dist. No. 09 MA 173, 2011-Ohio-3165, ¶ 82; *TLC Health Care Servs., LLC v. Enhanced Billing Servs., L.L.C.*, 6th Dist. No. L-08-1121, 2008-Ohio-4285, ¶ 24.

{¶ 14} Here, the parties entered into an enforceable express contract governing National's work as an independent contractor for Lowe's. The existence of this contract precludes the fashioning of a quasi-contract on the same subject matter via promissory estoppel. As National seeks just that remedy with its claim for promissory estoppel, the claim fails.

{¶ 15} In response to Lowe's contention that National could not recover for promissory estoppel due to the existence of the parties' written contract, National shifted its argument. To circumvent Lowe's contention, National argued that Lowe's oral promise to make it one of two flooring installers in the central Ohio area modified the terms of the parties' written contract. National contended that it could recover its damages from Lowe's because Lowe's breached the terms of the modified contract. In reply, Lowe's pointed out that the parties' written contract precluded "oral changes in the terms of this Contract or oral approval of deviations from performance under this Contract * * *." (Ex. A at Section 13, Bowman Aff.)

{¶ 16} As National asserts, establishing the elements of promissory estoppel can overcome a contractual bar of oral modification and supply the consideration necessary for a modification. *See Expeditors Internatl. of Washington, Inc. v. Crowley Am. Transp., Inc.*, 117 F.Supp.2d 663, 669 (S.D.Ohio 2000) ("The doctrine of promissory estoppel may sometimes render enforceable a modification not otherwise supported by consideration."); *RotoSolutions, Inc. v. Crane Plastics Siding, LLC*, 10th Dist. No. 13AP-1, 2013-Ohio-4343, ¶ 19 (" '[A]n oral modification of a written contract can be enforceable notwithstanding a provision in the contract requiring modifications to be in writing

where, as alleged here, the parties have engaged in a course of conduct in conformance with the oral modification and where the party seeking to enforce the oral modification would suffer injury if the modification were deemed invalid.' ").  However, even if an oral modification had occurred here, National could not recover under the theory of a modified written contract.  First, National did not assert a claim for breach of the written contract.  Second, Lowe's promise, at most, would only have altered the contractual term allowing Lowe's to "offer jobs described in this Contract to other installers * * *."  (Ex. A at Section 14, Bowman Aff.)  Under a modified contract, Lowe's could offer jobs to one other installer, not multiple installers.  Importantly, nothing in Lowe's oral promise modified the clause stating that "Lowe's shall not be obligated for any expense incurred by Installer in connection with any * * * expenditures made by Installer for additional facilities * * *."  *Id.*  Thus, even pursuant to the terms of a modified contract, National assumed the risk of expanding its operations, and consequently, it could not seek recovery from Lowe's for the losses it incurred in connection with leasing the Grove City facility.

{¶ 17} As we have rejected both of National's arguments, we conclude that the trial court did not err in entering summary judgment in Lowe's favor.  Accordingly, we overrule National's sole assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and BRUNNER, J., concur.

———————————