[Cite as *Lane v. U.S. Bank, N.A.*, 2018-Ohio-3140.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Thomas Lane, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 18AP-197 |
| v. | : | (C.P.C. No. 17CV-11425) |
| U.S. Bank, N.A. et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

### D E C I S I O N

### Rendered on August 7, 2018

**On brief:** *Thomas Lane,* pro se. **Argued:** *Thomas Lane.*

**On brief:** *Blank Rome, LLP, Chrissy Dunn Dutton,* and *John R. Wirthlin,* for appellees. **Argued:** *John R. Wirthlin.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, Thomas Lane, pro se, appeals from the decision of the Franklin County Court of Common Pleas overruling his motion to reconsider his request for a default judgment and the dismissal of his complaint alleging breach of contract and negligence claims against defendants-appellees, U.S. Bank, N.A. Trustee ("U.S. Bank"), and GMAC Mortgage, LLC. We affirm the trial court's decision.

{¶ 2} Lane filed a complaint on December 29, 2017, alleging that U.S. Bank and GMAC Mortgage, LLC were mortgage loan servicers that had entered into an agreement with him to modify the loan secured by his property at 2921 Wambli Dr. in Columbus, Ohio. Lane alleged that the loan modification agreement was "signed and notarized" before being returned to a representative at Nationwide Home Relief Group, who then sent the agreement to attorneys for U.S. Bank and GMAC Mortgage, LLC. Lane alleged that they received three payments from him before breaching the agreement. He attached a letter to the complaint from an attorney representing U.S. Bank dated November 16, 2009, that

appeared to be a cover letter sent with the loan modification agreement. The complaint stated claims for breach of contract and negligence. As relief, Lane sought $4 million dollars in compensatory damages, $3 million in punitive damages, and attorney's fees and costs. (Dec. 29, 2017 Compl.) On February 8, 2018, Lane filed a motion for default judgment on the grounds that the named defendants had not responded to the complaint or appeared in the action.

{¶ 3}  On February 12, 2018, the trial court overruled the motion and dismissed the complaint. The trial court noted that the letter attached to Lane's complaint referenced Franklin C.P. No. 08CVE-7360, a foreclosure case filed by U.S. Bank that had resulted in a sheriff's sale of Lane's home. The trial court noted that the sale confirmation had been stayed while the parties "attempted to negotiate a potential loan modification." (Decision and Entry at 2.) The negotiations were unsuccessful and the judge overseeing the case issued a confirmation of sale. The trial court noted that Lane had "repeatedly challenged" the ruling over a number of years in that case. *Id.* Because the issues raised by Lane had "been actually and necessarily litigated and determined in a prior action," the trial court concluded that the matter was subject to dismissal under principles of res judicata. *Id.*

{¶ 4}  Lane filed a motion captioned "Motion for New Trial" on February 21, 2018, in which he referenced Civ.R. 60(B) and argued that the clerk had failed to attach the entire loan modification agreement to his original complaint.

{¶ 5}  The trial court overruled Lane's motion on March 14, 2018. In its decision, the trial court noted that the additional exhibits Lane sought to include with his complaint, including an unsigned loan modification agreement, had appeared in the record since the entry of its previous decision. However, the trial court concluded that the documents "do not change the fact that" res judicata precluded Lane from pursuing his claims. (Decision and Entry at 2.) In a footnote, the trial court noted that Lane had previously filed "a nearly identical Complaint" in Franklin C.P. No. 17CVH-354, which had been dismissed by the trial court and the appellate court. *Id.*

{¶ 6}  Lane has appealed and asserts the following assignments of error:

> [I.] THE TRIAL COURT ERRORD IN DISMISSING Appellants CASE Applying RES JUDICATA.

> [II.] The Trial COURT ERRORED IN DISMISSING APPEALLANTS CASE REFERINCING A CASE IN 2008 BASED ON RULE 60 B1 CASE NO. 08CVE7360.

(Sic. passim.)

{¶ 7} An appellate court applies an abuse of discretion standard to the review of a trial court's decision to grant or deny a motion for relief from judgment under Civ.R. 60(B). *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146 (1976). An abuse of discretion standard also applies to a decision to grant or deny a motion for default judgment under Civ.R. 55. *Lopez v. Quezada*, 10th Dist. No. 13AP-389, 2014-Ohio-367, ¶ 11. "The applicability of the doctrine of res judicata presents a question of law," and is therefore reviewed under a de novo standard. *Daniel v. Williams*, 10th Dist. No. 13AP-155, 2014-Ohio-273, ¶ 18.

{¶ 8} Lane does not present separate arguments in support of his assignments of error. His only argument essentially states that he was entitled to a default judgment because the defendants named in the complaint failed to respond to his complaint or the interrogatories filed with it. (Appellant's Brief at 8-9.)

{¶ 9} Under Civ.R. 55(A), the failure of "a party against whom a judgment for affirmative relief is sought" to "plead or otherwise defend" in accordance with the Civil Rules allows the opposing party to "apply in writing or orally to the court" for a default judgment. Typically, the entry of default judgment is proper because the failure to appear or defend against the plaintiff's claims is deemed a confession of their veracity, and, therefore, an admission of liability. *See, e.g., Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986). Nevertheless, the claims stated by the plaintiff must pass muster under Civ.R. 12(B)(6) as claims upon which relief may be granted to justify the grant of default judgment. *Lopez* at ¶ 13. Thus, "where the plaintiff has failed to state a claim, default judgment on that claim is improper." *Id.* For this reason, it was entirely appropriate for the trial court to examine Lane's complaint and determine the propriety of his request, rather than mechanically grant his Civ.R. 55 motion and enter default judgment in his favor.

{¶ 10} We may take judicial notice of the docket of Franklin C.P. No. 08CVE-7360 to review the trial court's ruling. *See State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8 (citing cases in which courts have taken judicial notice of the dockets of cases in other courts that are public records available online). As stated, the trial court declined to grant Lane's request for default judgment because res judicata barred his

claims. In *State ex rel. Nickoli v. Erie Metroparks*, 124 Ohio St.3d 449, 2010-Ohio-606, ¶ 21, the Supreme Court of Ohio summarized the doctrine of res judicata as follows:

> In Ohio, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007 Ohio 1102, P 6, 862 N.E.2d 803. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action," whereas issue preclusion, or collateral estoppel, "precludes the relitigation, in a second action, of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action." *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 1998 Ohio 435, 692 N.E.2d 140; see *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129, 133, 1999 Ohio 91, 712 N.E.2d 713.

{¶ 11} Res judicata applies where "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence." *Reasoner v. Columbus*, 10th Dist. No. 04AP-800, 2005-Ohio-468, ¶ 5. Application of these principles demonstrates that the trial court did not err when it concluded that res judicata applied to Lane's action and declined to enter default judgment in his favor. First, the case was a foreclosure action filed by U.S. Bank with a valid judgment on the merits. The trial court entered both a decree of foreclosure and, eventually, a confirmation of the sheriff sale. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶ 35 (holding that "two judgments are appealable in foreclosure actions: the order of foreclosure and sale and the order of confirmation of sale").

{¶ 12} Second, the action involved the same parties. U.S. Bank was the plaintiff and Lane was a defendant.[1] The parties attempted to negotiate a loan modification until reaching an impasse, at which time U.S. Bank moved the trial court to rule on Lane's

---

[1] Although GMAC Mortgage, LLC was not a plaintiff in the prior action, it filed a notice of bankruptcy the same day that the trial court filed its decision overruling Lane's motion for default judgment. GMAC Mortgage, LLC argued that because Lane had not filed a proof of claim in the bankruptcy court that retained jurisdiction over claims against it after its sale to creditors, he was precluded from prosecuting an action against it. Lane did not contest the notice or address it in this appeal. (Feb. 12, 2018 Notice of Bankruptcy.)

objection to the sale and confirm it. Third, Lane's current claims could have been litigated during the foreclosure action. The loan modification was the subject of ongoing negotiations until the trial court confirmed the sale. The docket reflects that Lane unsuccessfully moved the trial court for relief from judgment after the confirmation. Any meritorious claim arising from the loan modification or its breach could have been raised at that time. Finally, both actions arise out of the same transaction or occurrence. This action arose as a challenge to the attempted modification of Lane's original mortgage loan, and the failure of that attempt at modification occurred during the foreclosure case. *See Matthews v. United States Bank Natl. Assn.*, 8th Dist. No. 105315, 2017-Ohio-7079, ¶ 11 (holding that a plaintiff's attempt to bring an action for rescission of a mortgage was barred under principles of res judicata because the claims "arise from the same loan documents at issue in the foreclosure action and are logically related to that prior action").

{¶ 13} Finally, although Lane fails to address the issue in his brief, we conclude that the trial court did not err when it overruled his "Motion for New Trial," which it treated as a motion for reconsideration and relief from judgment under Civ.R. 60(B). Any "mistake" responsible for the initial absence of the loan modification document was immaterial to the trial court's ultimate finding that res judicata barred Lane's claims.

{¶ 14} Because the trial court did not err when it applied principles of res judicata to deny Lane's request for a default judgment or reconsider its dismissal of his complaint, the assignments of error are overruled. Accordingly, the trial court's judgment is affirmed.

*Judgment affirmed.*

TYACK and BRUNNER, JJ., concur.

———————————