[Cite as *Brown v. Christianson*, 2019-Ohio-2937.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| MEARL BROWN | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28188 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-658 |
| | : | |
| MARILYN CHRISTIANSON | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of July, 2019.

. . . . . . . . . . .

DOUGLAS D. BRANNON, Atty. Reg. No. 0076603, 130 West Second Street, Suite 900, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

ANTHONY P. McNAMARA, Atty. Reg. No. 0093670 and GEORGE JONSON, Atty. Reg. No. 0027124, 600 Vine Street, Suite 2650, Cincinnati, Ohio 45202
      Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Plaintiff-appellant, Mearl Brown, appeals from the trial court's judgment of October 23, 2018, in which the court dismissed his complaint on the motion of Defendant-appellee, the late Marilyn Christianson. Presenting three assignments of error, Brown argues that the trial court erred by finding that Christianson, a court reporter, was shielded from civil liability by judicial immunity, by statutory immunity, or by both types of immunity. As well, Brown argues that the trial court erred by vacating its earlier entry of default judgment against Christianson in response to her motion for relief from judgment under Civ.R. 60(B). We find that the trial court did not err by sustaining Christianson's motion to dismiss or by sustaining her motion for relief from judgment, although our reasoning regarding the former motion differs somewhat from that of the trial court. The trial court's judgment of October 23, 2018, is therefore affirmed.

## I. Facts and Procedural History

**{¶ 2}** In Case No. 2006 DR 01337, a magistrate held a hearing on the allocation of parental rights between Brown and Brown's ex-wife that comprised parts of three days: June 27, 2016; July 5, 2016; and August 16, 2016. Christianson served as the court reporter for the hearing.

**{¶ 3}** The magistrate issued a decision on September 2, 2016, after which Brown's ex-wife filed objections on September 16, 2016, accompanied by a praecipe for a transcript. Brown did not offer any objections of his own. On November 4, 2016, the domestic relations division of the common pleas court filed an entry and order in which it noted that the transcript of the hearing was "not available to the court for review at [that] time," and it therefore ordered the magistrate to hold a new hearing. Entry & Order Resetting Hearing 2, Nov. 4, 2016.

{¶ 4} In Case No. 2017 CV 00658, Brown filed a complaint against Christianson on February 8, 2017, seeking damages on causes of action for negligence and breach of contract. Essentially, Brown alleged that if Christianson had timely produced a transcript of the original hearing, then the domestic relations division would not have ordered a new hearing, and he claimed accordingly that Christianson should be liable to him for attorney's fees, lost income and other damages that he otherwise would have avoided. Christianson did not answer or otherwise respond to the complaint, and the trial court entered default judgment in Brown's favor on April 3, 2017.

{¶ 5} On May 30, 2017, Christianson filed a motion for relief from judgment under Civ.R. 60(B). The matter was referred to a magistrate, who recommended that the motion be sustained, and on April 24, 2018, the trial court adopted the magistrate's recommendation.

{¶ 6} Having been granted leave, Brown filed an amended complaint on May 4, 2018, retaining the cause of action for negligence and omitting the cause of action for breach of contract.[1] Christianson filed a motion for dismissal under Civ.R. 12(B)(6) on May 21, 2018. The matter was again referred to a magistrate, who recommended that the motion to dismiss be overruled, but in its judgment of October 23, 2018, the trial court rejected the recommendation and sustained the motion. Brown timely filed his notice of appeal on October 30, 2018.

## II. Analysis

{¶ 7} We begin our analysis with Brown's third assignment of error because the

---

[1] In the absence of an indication to the contrary, references to the complaint in this opinion relate to Brown's amended complaint.

reversal of the trial court's decision sustaining Christianson's motion for relief from judgment would, if warranted, render the first and second assignments moot. For his third assignment of error, Brown contends that:

THE TRIAL COURT ERRED IN GRANTING RELIEF FROM DEFAULT JUDGMENT TO THE DEFENDANT UNDER CIV.R. 60(B).

{¶ 8} Brown argues that the trial court erred by sustaining Christianson's motion for relief from judgment because Christianson did not meet her obligation under Civ.R. 60(B) to show that she could offer a meritorious defense to his complaint against her. *See* Appellant's Brief 13-14. As well, he argues that the trial court erred by finding that Christianson should be granted relief from judgment pursuant to Civ.R. 60(B)(5) because his complaint against her was unlikely to survive a motion to dismiss under Civ.R. 12(B)(6). *See id.*

{¶ 9} Civ.R. 60(B) states:

On motion and upon such terms as are just, [a] court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R.] 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the [reversal, satisfaction or discharge of the] judgment * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or

proceeding was entered or taken. A motion [for relief from judgment] does not affect the finality of a judgment or suspend its operation.

To prevail on a motion under the rule, the moving party

must demonstrate that: (1) [it would have] a meritorious defense or claim to present [were relief granted]; (2) [it] is entitled to relief under * * * Civ.R. 60(B)(1)[-](5); and (3) the motion [was] made within a reasonable time, and, where the [party relies on] Civ.R. 60(B)(1), (2) or (3) [as grounds for relief], [the motion was filed] not more than one year after the judgment, order or proceeding [at issue].

(Citations omitted.) *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). On appeal, a trial court's ruling on a motion for relief from judgment is reviewed for abuse of discretion. *Staub v. Miller*, 2d Dist. Greene No. 2018-CA-2, 2018-Ohio-3603, ¶ 18.

{¶ 10} In her motion, Christianson argued, among other things, that Brown could not recover on his cause of action against her because she was shielded from civil liability by statutory immunity as an employee of a political subdivision. Defendant's Motion for Relief from Judgment 8-9, May 30, 2017. Brown alleged in his complaint that Christianson was either an independent contractor, or an "employee" of the Domestic Relations Division of the Montgomery County Court of Common Pleas, who was "the designated court reporter" in Case No. 2006 DR 01337. Amended Complaint, Montgomery C.P. No. 2017 CV 00658 (May 4, 2018), ¶ 3-4. Given Brown's allegations, Christianson's invocation of statutory immunity was a potentially meritorious defense pursuant to R.C. 2744.03(A).

{¶ 11} Brown maintains that Christianson waived the immunity defense because she did not file an answer to his original complaint. *See* Appellant's Brief 14. The trial court found, and we agree, that Christianson did not waive the defense. Decision, Order and Entry Overruling Plaintiff's Objection to the Magistrate's Decision 7-9, Apr. 24, 2018. In his brief, Brown cites *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 706 N.E.2d 1261 (1999), and *Spence v. Liberty Twp. Trustees*, 109 Ohio App.3d 357, 672 N.E.2d 213 (4th Dist.1996), to support his argument to the contrary, but neither of the decisions states, as Brown suggests, that Christianson's "fail[ure] to file an answer" raising the defense "also prohibit[ed] her from raising [the] defense for purposes of Civ.R. 60(B)." Appellant's Brief 14. In *Turner*, the Ohio Supreme Court clearly indicated that the defendant—the Central Local School District—could have raised the defense of political subdivision immunity by seeking "leave to amend its answer to include the * * * defense," which hardly supports Brown's thesis that the defense is irrevocably waived if not raised at the first possible opportunity. *Turner* at 99; *see also, e.g.*, *Am. Express Travel Related Servs., Inc. v. Carleton*, 10th Dist. Franklin No. 02AP-1400, 2003-Ohio-5950, ¶ 10 (finding that even "if an affirmative defense is not raised in the answer, it is not necessarily waived ad infinitum"). The Fourth District reached essentially the same conclusion. *See Spence* at 366.

{¶ 12} With respect to her entitlement to relief under the rule, Christianson argued that relief should be granted under Civ.R. 60(B)(1) on the basis of excusable neglect because her abuse of alcohol and other drugs was the result of mental illness; and, independently, she argued that relief should be granted under Civ.R. 60(B)(5) because Brown had failed to state a cognizable claim against her. Defendant's Motion for Relief

from Judgment 7-15, May 30, 2017. The trial court did not discuss Christianson's argument under Civ.R. 60(B)(1) in its decision, but instead, found that she had demonstrated her entitlement to relief under Civ.R. 60(B)(5).[2] Decision, Order and Entry Overruling Plaintiff's Objection to the Magistrate's Decision 11-12.

{¶ 13} We concur with the trial court. Under Ohio law, "[i]t is well-settled * * * that a default judgment is improper when the [underlying] complaint fails to state" a claim on which relief can be granted. *Buckeye Supply Co. v. Northeast Drilling Co.*, 24 Ohio App.3d 134, 135-136, 493 N.E.2d 964 (9th Dist.1985), citing *Am. Bankers Ins. Co. of Florida v. Leist*, 117 Ohio App. 20, 25-26, 189 N.E.2d 456 (4th Dist.1962). In other words, a plaintiff should not be able to obtain, or enforce, a default judgment in the absence of any legal right to recovery. Civ.R. 60(B)(5) allows a court to relieve a party from a final judgment for any reason, other than those enumerated in the rule, "justifying relief from the judgment." Where a plaintiff has obtained a default judgment against a defendant despite having no legal right to recovery, relief from the judgment would seem to be well justified.

{¶ 14} Finally, this court has jurisdiction to review the trial court's decision of April 24, 2018, because the decision merged into the trial court's final judgment of October 23,

---

[2] Brown states in his brief "that the trial court correctly found that [Christianson]'s voluntary us[e] of alcohol and drugs was not 'excusable neglect' " for purposes of Civ.R. 60(B). Appellant's Brief 14. The trial court, however, made no such finding. Yet, the trial court did refer to Christianson's substance abuse while considering Brown's argument that Christianson had waived the defense of immunity by failing to file an answer. The trial court deemed her condition to be an acceptable explanation for her failure to file an answer, which suggests, if anything, that the court might have accepted Christianson's condition as "excusable neglect" for purposes of Civ.R. 60(B)(2). In any event, Brown fails to cite any authority establishing that a litigant's substance abuse can never support a claim of excusable neglect.

2018.  *See* Appellee's Brief 7-8.   Brown's third assignment of error is overruled.

{¶ 15} We address Brown's first and second assignments of error together because both of them relate to the trial court's dismissal of the complaint under Civ.R. 12(B)(6).   For his first assignment of error, Brown contends that:

THE TRIAL COURT ERRED BY GRANTING ABSOLUTE JUDICIAL

IMMUNITY TO A COURT REPORTER.

And for his second assignment of error, Brown contends that:

THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT

WAS ENTITLED TO STATUTORY SOVEREIGN IMMUNITY.

{¶ 16} Brown challenges the trial court's determination that he "is unable to state a claim [against Christianson] upon which relief can be granted" because Christianson "is entitled to both absolute judicial immunity as an agent of the court, and [to] statutory immunity under R.C. 2744.03."   Decision, Order and Entry Sustaining Defendant's Motion to Dismiss 10, Oct. 23, 2018 [hereinafter *Dismissal Entry*]; Appellant's Brief 2-13. He argues, first, that the trial court erred by finding that absolute judicial immunity shielded Christianson from civil liability because the court based its finding on precedent that has since been superseded.   Appellant's Brief 2-4.   He argues, second, that the trial court erred by finding that statutory immunity shielded Christianson from civil liability because, contrary to the mandate of Civ.R. 12(B)(6), the trial court based its finding on factual assumptions that are incompatible with the allegations in his complaint.   *See id.* at 5-6. Although we concur with the trial court's determination that Brown has failed to state a claim upon which relief can be granted, our reasoning differs.

{¶ 17} A motion to dismiss pursuant to Civ.R. 12(B)(6) "is [a] procedural [motion

that] tests the sufficiency of [a] complaint" as a matter of law. *See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). When a court reviews a motion to dismiss, it "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." (Citations omitted.) *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Given the purpose of a motion to dismiss, the moving party "may not rely on allegations or evidence outside the complaint." *Hanson* at 548.

{¶ 18} Dismissal under Civ.R. 12(B)(6) is warranted only if the plaintiff can prove no set of facts in support of the claim or claims asserted in the complaint that would entitle the plaintiff to the relief requested. *See Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975), and *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14; *see also Sacksteder v. Senney*, 2d Dist. Montgomery No. 24993, 2012-Ohio-4452, ¶ 35-46. Appellate "review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo." (Citation omitted.) *McKinley* at ¶ 12.

{¶ 19} Here, the trial court dismissed Brown's complaint against Christianson because it determined that Christianson was "entitled to both absolute judicial immunity as an agent of the court, and [to] statutory immunity under R.C. 2744.03." Dismissal Entry 10. Regarding absolute judicial immunity, the trial court based its determination on our decision in *Fahrig v. Greer*, 2d Dist. Montgomery No. 6596, 1980 WL 352570 (May 1, 1980). In *Fahrig*, we held that the "principle of judicial immunity applies to acts of * * * judge[s] and court reporters while acting in their official capacities," but we relied for our

holding, without offering independent analysis, on federal precedent that has since been superseded by the U.S. Supreme Court's decision in *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993). *See also, e.g.*, *Loyer v. Turner*, 129 Ohio App.3d 33, 36-38, 716 N.E.2d 1193 (1998) (6th Dist.). We find consequently that the trial court erred by determining that Christianson was protected by absolute judicial immunity.

{¶ 20} Regarding statutory immunity, the trial court held that Christianson was entitled to immunity under R.C. 2744.03(A)(6)(a)-(c) because she was an employee of a political subdivision, because the acts and omissions for which Brown sought redress were within the scope of Christianson's employment, and because Brown could prove no set of facts establishing that Christianson was divested of immunity pursuant to the provisions of R.C. 2744.03(A)(6)(b).[3] *See* Dismissal Entry 8-10. To establish that Christianson was divested of immunity under R.C. 2744.03(A)(6)(b), Brown would have to prove that Christianson's "acts or omissions were with malicious purpose, in bad faith, or [were] wanton or reckless." Brown alleged in his complaint that Christianson's failure to produce a transcript constituted "bad faith" and "willful, wanton and reckless" conduct, which he attributed to "her voluntary consumption of alcohol and/or [sic] drugs." Amended Complaint, Montgomery C.P. No. 2017 CV 00658 (May 4, 2018), ¶ 40-41.

{¶ 21} The trial court deemed these allegations insufficient to survive

---

[3] Neither party disputes that Brown's complaint relates to acts and omissions within the scope of Christianson's employment, which precludes the applicability of the exception to immunity set forth in R.C. 2744.03(A)(6)(a). The trial court did not find specifically that "[c]ivil liability [was not] expressly imposed" on Christianson by statute, which is the exception set forth in R.C. 2744.03(A)(6)(c). Dismissal Entry 9. Brown, however, has not argued that R.C. 2744.03(A)(6)(c) applies to his cause of action.

Christianson's motion to dismiss for two reasons. First, the court determined that because "a substance abuse problem" is not the equivalent of bad faith—which the court defined as actual or constructive fraud, dishonesty or moral obliquity—Brown could not prove that Christianson acted in bad faith merely because she struggled with addiction. Dismissal Entry 9. Second, the court posited that Christianson could not have acted with a wanton or reckless disregard for Brown's interests without owing a duty to Brown. *See id.* at 9-10.

{¶ 22} We find that the trial court erred by holding that Brown could not prove any set of facts demonstrating that R.C. 2744.03(A)(6)(b) applied to his cause of action against Christianson. Theoretically, Brown could have proven that Christianson's failure to produce a transcript was a deviation from her moral obligations as a court reporter employed by the court—i.e. that she acted in bad faith—without proving that she abused alcohol and other drugs.

{¶ 23} Similarly, Brown could have proven that Christianson acted with recklessness, which is defined as conduct "characterized by the conscious disregard of[,] or indifference to[,] a known or obvious risk of harm to another that is unreasonable under the circumstances," without proving that Christianson owed him a duty to provide a transcript. (Citation omitted.) *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, ¶ 34. The definition makes no reference to a risk of harm to a person to whom a duty of care is owed, but only to a risk of harm "to another." By contrast, the definition of "wanton conduct" is "the failure to exercise any care towards <u>those to whom a duty of care is owed</u> in circumstances in which there is great probability that harm will result." (Emphasis added.) *Id.* at ¶ 33. Moreover, the "terms 'willful,'

'wanton,' and 'reckless' as used in [R.C. 2744.02 and 2744.03] are not interchangeable." *Id.* at ¶ 39. We find, then, that the trial court erred by holding that Brown could not prove any set of facts sufficient to implicate the exception to immunity for recklessness under R.C. 2744.03(A)(6)(b).[4] Nevertheless, we concur with the trial court's proposition that Christianson did not owe Brown the duty to produce a transcript.

**{¶ 24}** In his complaint, Brown effectively asserted a single cause of action for negligence against Christianson, although he presented his claim for compensatory damages and his claim for punitive damages as if each were a separate cause of action. *See* Amended Complaint, Montgomery C.P. No. 2017 CV 00658 (May 4, 2018), ¶ 38-44 and 47-50. To establish his right to recovery on the basis of Christianson's alleged negligence, Brown would have to prove that Christianson owed him a duty; that Christianson breached her duty to him; that Christianson's breach of duty was the direct cause of harm to him; and that Christianson's breach of duty was the proximate cause of harm to him. *See, e.g.*, *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981). Brown, however, cannot prove that Christianson owed him a duty.

**{¶ 25}** According to Civ.R. 53(D)(3)(b)(i), a "party may file written objections to a magistrate's decision within fourteen days of the filing of the decision," and if a party "timely files objections, any other party may also file objections not later than ten days after the first objections are filed." As indicated in our recitation of the facts, in Case No. 2006 DR 01337, a magistrate held a hearing on the allocation of parental rights between

---

[4] We agree, of course, that Brown could not have proven that Christianson's failure to produce a transcript was "wanton conduct," for purposes of the exception, without proving that she owed a duty to him.

Brown and Brown's ex-wife that comprised parts of three days: June 27, 2016; July 5, 2016; and August 16, 2016. The magistrate issued a decision on September 2, 2016, and Brown's ex-wife filed her objections on September 16, 2016, accompanied by a praecipe for a transcript. Brown did not offer any objections of his own. On November 4, 2016, the domestic relations division of the common pleas court ordered the magistrate to hold a new hearing because the transcript of the original hearing was "not available to the court for review at [that] time." Entry & Order Resetting Hearing 2, Nov. 4, 2016.

{¶ 26} Under Civ.R. 53(D)(3)(b)(iii), a party's "objection to a [magistrate's] factual finding, whether or not specifically designated [by the magistrate] as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all [relevant] evidence submitted to the magistrate * * * or an affidavit of that evidence if a transcript is not available." The rule establishes that rather than the court reporter, the "objecting party shall file the transcript or affidavit within thirty days after filing objections[,] unless the court extends the time in writing for preparation of the transcript or [for any] other good cause." (Emphasis added.) *Id.* Hence, the " 'duty to provide a transcript to the trial court rests with the person objecting to the magistrate's decision,' " not with the court reporter. *Fogt v. Fogt*, 3d Dist. Defiance No. 4-8-10, 2019-Ohio-1403, ¶ 12, quoting *Slepsky v. Slepsky*, 11th Dist. Lake No. 2016-L-032, 2016-Ohio-8429, ¶ 20; *see also Petrovich v. Auto Repair, Inc.*, 8th Dist. Cuyahoga No. 105216, 2017-Ohio-8731, ¶ 8, citing Civ.R. 53(D)(3)(b)(iii). As a matter of law, then, Christianson owed no duty to Brown with respect to the filing of the transcript, meaning that Brown can prove no set of facts demonstrating his entitlement to recover damages from Christianson's estate on a cause of action for negligence.

{¶ 27} In his brief, Brown argues that Christianson's "failure to comply and act in

accordance with R.C. 2301.23 constitutes malice negating any defense of statutory immunity." Appellant's Brief 12. Under the statute, "[w]hen notes have been taken or an electronic recording has been made in a case as provided in [R.C.] 2301.20 * * *, if the court or either party to [a] suit requests written transcripts of any portion of the proceeding[s], [then] the reporter reporting the case shall make full and accurate transcripts of the notes or electronic recording." Much like Civ.R. 53(D), the court reporter's obligation to prepare a transcript is implicated by a request, thus the court reporter's failure to prepare a transcript in response to the request is a breach of a duty owed to the party who made the request. Here, the only party who requested a transcript was Brown's ex-wife; Brown cannot demonstrate a right to recover damages for breach of a duty not owed to him.

{¶ 28} Inasmuch as we find that Christianson was not entitled to absolute judicial immunity, Brown's first assignment of error is sustained. Otherwise, because we find that the dismissal of the complaint under Civ.R. 12(B)(6) was proper, Brown's second assignment of error is overruled.

### III. Conclusion

{¶ 29} We find that the trial court did not err by sustaining Christianson's motion for relief from judgment under Civ.R. 60(B) or by dismissing Brown's complaint under Civ.R. 12(B)(6). Therefore, the trial court's judgment of October 23, 2018, is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies sent to:

Douglas D. Brannon
Anthony P. McNamara
George Jonson
Marilyn Christianson
Hon. Mary Lynn Wiseman