[Cite as *Brookville Ents., Inc. v. Seibel*, 2020-Ohio-948.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| BROOKVILLE ENTERPRISES, INC. | : | |
| | : | Appellate Case No. 28561 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2018-CV-4650 |
| v. | : | |
| | : | (Civil Appeal from |
| PHYLLIS SEIBEL, et al. | : | Common Pleas Court) |
| | : | |
| Defendants-Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of March, 2020.

. . . . . . . . . . .

ROBERT C. WIESENMAYER, Atty. Reg. No. 0007207, 15 Willipe Street, Suite 300, P.O. Box 299, Wapakoneta, Ohio 45895
        Attorney for Plaintiff-Appellant

. . . . . . . . . . . .

FROELICH, J.

**{¶ 1}** Brookville Enterprises, Inc., dba Brookhaven Nursing & Rehabilitation Center ("Brookhaven"), appeals from two judgments of the Montgomery County Court of Common Pleas: (1) the August 13, 2019 dismissal of Brookhaven's action and (2) the September 20, 2019 denial of Brookhaven's motion for relief from judgment, pursuant to Civ.R. 60(B). For the following reasons, the trial court's dismissal of Brookhaven's action will be reversed, and the matter will be remanded for further proceedings.

## I. Procedural History

**{¶ 2}** On October 10, 2018, Brookhaven brought suit against Phyllis and Paul Seibel for unpaid nursing home expenses. The complaint alleged that Mrs. Seibel was a resident of the facility and had accrued unpaid charges totaling $32,362.51, plus interest. Brookhaven brought a breach of contract claim against Mrs. Seibel (Count 1), a quantum meruit claim against both defendants (Count 2), and a spousal obligation claim against Mr. Seibel (Count 3). Brookhaven attached to the complaint Mrs. Seibel's Consent to Treat & Admission Agreement and a billing statement for Mrs. Seibel dated October 4, 2018.

**{¶ 3}** Mrs. Seibel was served by certified mail to Brookhaven on October 15, 2018; the return receipt was signed by Wanda Jones. Mr. Seibel was served by personal service on October 23, 2018. Neither defendant filed an answer.

**{¶ 4}** On December 5, 2018, the trial court issued an order for Brookhaven to file a motion for default judgment, pursuant to Civ.R. 55, within 14 days or the case would be dismissed, absent cause. Brookhaven did not file a motion for default judgment. Instead, on December 19, 2018, Brookhaven filed a suggestion of death indicating that Mrs. Seibel had died on November 18, 2018. Brookhaven's counsel indicated that he learned of her death on November 20. On December 20 (the day after Brookhaven's filing), the trial court

dismissed the matter for failure to prosecute.

{¶ 5} On December 27, 2018, Brookhaven moved for the trial court to reinstate the proceedings. Counsel for Brookhaven explained that the suggestion of death was intended to notify the court that Brookhaven "intend[ed] to prosecute the proceedings, but would have a slight delay due to the death of one of the Defendants." Concurrently, Brookhaven filed a motion for default judgment against both defendants. Counsel pointed out that Mrs. Seibel had died more than 28 days after she had been served with the complaint, i.e., after her answer was due. On December 28, the trial court ruled that "these proceedings should be reinstated and the Court should proceed to make its ruling on the Motion for Default Judgment filed herewith."

{¶ 6} On February 15, 2019, Brookhaven moved for additional time to open an estate for Mrs. Seibel so that a special administrator could make an appearance in the proceedings as a substitute party for her. Brookhaven requested a 30-day extension to complete the appointment of a special administrator. The trial court granted the motion.

{¶ 7} On March 13, 2019, Brookhaven sought an additional 60-day extension. Counsel for Brookhaven indicated that Brookhaven's attempt to appoint a special administrator was denied by the probate court, that the probate court was requiring a full administration, and that the probate court would be setting a hearing. The trial court found Brookhaven's request to be reasonable and granted the extension.

{¶ 8} On May 15, 2019, Brookhaven filed a motion to substitute HCF Management, Inc.,[1] administrator of Mrs. Seibel's estate, as defendant for Mrs. Seibel. The trial court

---

[1] The record indicates that HCF Management and Brookhaven have a business relationship, including that HCF Management maintains the business records for Brookhaven, but the exact relationship is not detailed in the record.

promptly granted the motion.

{¶ 9} On June 6, 2019, in a document signed by Jodi Bennett, business office support specialist for HCF Management, Mrs. Seibel's estate filed an "Appearance and Answer of Administrator HCF Management, Inc. as Substitute Defendant for Phyllis Seibel, deceased." The answer portion of the document stated that Mrs. Seibel, during her lifetime, was in default for answer or other pleadings and thereby admitted the allegations in the complaint. HCF Management indicated that it was unaware of any defense that would be available to the estate and asked the court "to protect the interest of the Estate in these proceedings and to award such relief as may be equitable and proper to all parties * * *."

{¶ 10} On June 7, 2019, the trial court ordered the parties to file "any and all dispositive motions within 30 days." The court scheduled a pretrial hearing and trial date for the matter. On June 20, Brookhaven filed another motion for default judgment with supporting documentation. The documentation consisted of an affidavit from an employee of HCF Management authenticating the business records attached to Brookhaven's complaint and an affidavit from Brookhaven's counsel regarding his attorney fees as part of collecting the charges incurred by Mrs. Seibel as a resident of Brookhaven.

{¶ 11} On August 13, 2019, the trial court struck HCF Management's answer and dismissed the action. The court ruled:

Claim Against the Decedent's Estate

A document entitled Appearance and Answer of Administrator HCF Management, Inc. As Substitute Defendant for Phyllis Seibel, Deceased, signed by HCF Management, Inc. was filed on 6/6/2019 with a certificate of service signed by plaintiff's counsel, for service on defendant, Paul Seibel.

The document purports to agree that the decedent was in default prior to her death despite this Court's denial of the earlier motion.

It is well established that a corporation cannot appear in court through an officer or employee who is not an attorney admitted to practice law in this state. *Union Sav. Ass'n. v. Home Owners Aid, Inc.*, 23 Ohio St.2d 60 (1970), syllabus. See R.C. 4705.01. Accordingly, the Court STRIKES the subject document. Civ. R. 12, Ohio R. Civ. P.

Plaintiff filed this action on 10/10/2018. The Court has checked the Probate Division files and finds that an estate for the decedent, Phyllis Seibel, was filed as Case No. 2018 EST 140, on February 1, 2018. There is no indication that plaintiff has made a claim against the estate and a final account was filed on August 6, 2018. Nevertheless, plaintiff started another estate proceeding in the Probate Division.

<u>Plaintiff's Claims Against Defendants</u>

Plaintiff's complaint asserts a breach of contract claim against Phyllis Seibel, a quantum meruit claim against both Phyllis and Paul Seibel, a "Spousal Obligation" claim against Paul Seibel, each for the alleged unpaid balance for services rendered to Phyllis prior to her death. It argues for "quantum meruit" if the contract with Phyllis is found not to be enforceable. The Court concludes that the agreement is no longer enforceable simply because the contracting party, Phyllis is deceased, and plaintiff has failed to file a claim against her estate. Plaintiff's quantum meruit claim exists only if there is not a contract. Here, there is no dispute that Phyllis signed the

contract.

<h2 style="text-align:center">Plaintiff's Claim Under R.C. 3103.03</h2>

Thus, plaintiff's only claim for payment is against Paul Seibel. Plaintiff asserts that Paul is liable to it for failure to pay the unpaid balance as necessaries for his wife. It asserts that its claim is the cost of the care provided to Phyllis Seibel. It describes the claim as "spousal obligation." It bases the claim on R.C. 3103.03. Complaint, par. 24. The plaintiff asserts that it has standing to pursue payment from Paul Seibel under the necessaries statute. The statute specifically provides the claim to a creditor of a spouse.

The Supreme Court of Ohio recently addressed this issue in *Embassy Healthcare v. Bell*, 155 Ohio St.3d 430, 2018-Ohio-4912, 122 N.E.3d 117. The Court stated: "We conclude that a creditor must present its claim for unpaid necessaries to the decedent's estate under R.C. 2117.06 before it can pursue a claim individually against the surviving spouse under R.C. 3103.03." ¶2 and ¶34. Plaintiff's motion for default judgment does not indicate that it filed a claim with the decedent's estate and the Probate Court records confirm that no such claim was filed even though the estate was in existence since February 1, 2018. Such a claim must be presented within six months of the decedent's death. Id. Phyllis Seibel died on November 18, 2018. It is now barred. Therefore, plaintiff has not met the requirements for pursuing payment of the alleged unpaid balance against Paul Seibel. By not timely filing a claim against the decedent's estate, plaintiff has forfeited any right to use R.C. 1303.03 to pursue payment from Paul Seibel.

CONCLUSION

The Court finds that plaintiff cannot pursue a claim for necessaries against the surviving spouse, Paul Seibel, because it fails to set forth compliance with a condition precedent to filing such a claim. The time for filing such a claim with the decedent's estate has expired. Accordingly, this action is DISMISSED.

{¶ 12} On August 21, 2019, Brookhaven sought relief from judgment, pursuant to Civ.R. 60(B). Brookhaven argued that the court apparently was referring to a Phyllis Seibel who died on December 31, 2017 as probated in Montgomery P.C. No. 2018 EST 00140; Brookhaven stated that this was not the Phyllis Seibel at issue in this case. Brookhaven informed the court that this case involved a Phyllis Seibel who died on November 18, 2018, as probated in Montgomery P.C. No. 2019 EST 00357. Brookhaven argued that "the Court's reasoning and assumption that Plaintiff filed suit against a person who was known to be deceased is false and therefore cannot provide the basis for the Court's conclusion."

{¶ 13} Brookhaven further argued that the trial court had previously recognized that a motion for default judgment was appropriate and had acknowledged Brookhaven's efforts regarding Mrs. Seibel's estate. Brookhaven asserts that its claim under R.C. 3103.03 was valid and complied with the Ohio Supreme Court's requirements in *Embassy Healthcare v. Bell*, 155 Ohio St.3d 430, 2018-Ohio-4912, 122 N.E.3d 117.

{¶ 14} Brookhaven attached to its Civ.R. 60(B) motion (1) Mrs. Seibel's death certificate showing a date of death of November 18, 2018, (2) the Entry Appointing Fiduciary naming HCF Management, (3) Brookhaven nursing home's claim, dated May 14, 2019, (4) the Inventory and Appraisal, and (5) the Schedule of Assets.

{¶ 15} The trial court denied the motion for relief from judgment. The trial court acknowledged that it made an "incorrect reference" to the estate of Phyllis Seibel, but considered the mistake to be inconsequential to its resolution of the motion for default judgment. It reasoned that Brookhaven "did not provide documentation that it had filed its claim against the estate in seeking a default judgment" against Mr. Seibel and the estate administrator. The court further indicated that "arguably the decedent Phyllis Seibel had not been properly served." The court further reasoned:

At no time prior to judgment did plaintiff present evidence that it complied with the condition precedent for standing to pursue its claim against Phyllis's husband, Paul Seibel. "We conclude that a creditor must present its claim for unpaid necessaries to the decedent's estate under R.C. 2117.06 before it can pursue a claim individually against the surviving spouse under R.C. 3103.03." *Embassy Healthcare v. Bell*, 155 Ohio St.3d 430, 2018-Ohio-4912. Plaintiff now argues that it filed its claim against the Estate of Phyllis R. Seibel on 5/14/2019, within six months of her death. It argues that the Court erred in stating that it had not filed its claim against the estate within the statutory time period. Although the reference was to the incorrect estate, the Court correctly noted that it had not been informed that such a claim had been made or that the estate was not solvent. The erroneous reference was not determinative. Plaintiff had not shown that it was entitled to pursue relief against Paul Seibel because it had exhausted any remedy against Phyllis Seibel's estate before pursuing the claim under R.C. 3103.03. *Embassy Healthcare v. Bell, supra*.

{¶ 16} As to the Civ.R. 60(B) requirements, the court noted that the motion was

timely, but concluded that Brookhaven did not allege a meritorious claim even if it had standing.   The court further stated that Brookhaven did not argue that its failure constituted excusable neglect, and that "[n]o other Rule 60 ground is apparent."

{¶ 17} Brookhaven appeals from the dismissal of its action and the denial of its Civ.R. 60(B) motion.   In its assignment of error, Brookhaven claims that the trial court erred "by not granting Plaintiff a default judgment when Defendants were both in default for answer or other pleading, and Plaintiff's Complaint stated a valid claim for relief.   (Civ.R. 55(A))." Although not raised as a separate assignment of error, Brookhaven further argues that the trial court abused its discretion by denying Brookhaven's motion for relief from judgment.

## II. Timeliness of Brookhaven's Appeal from Dismissal Judgment

{¶ 18} At the outset, the trial court entered its judgment of dismissal on August 13, 2019, and denied Brookhaven's Civ.R. 60(B) motion on September 20, 2019.   Brookhaven filed its notice of appeal from both judgments on October 7, 2019, within 30 days of the denial of the Civ.R. 60(B) motion, but more than 30 days after the dismissal judgment.

{¶ 19} Civ.R. 58(B) addresses the entry of judgment.   It provides:

When the court signs a judgment, the court shall endorse thereon a direction

to the clerk to serve upon all parties not in default for failure to appear notice

of the judgment and its date of entry upon the journal.   *Within three days of*

*entering the judgment upon the journal, the clerk shall serve the parties in a*

*manner prescribed by Civ.R. 5(B) and note the service in the appearance*

*docket.   Upon serving the notice and notation of the service in the appearance*

*docket, the service is complete.*   The failure of the clerk to serve notice does

not affect the validity of the judgment or the running of the time for appeal

except as provided in App.R. 4(A).

(Emphasis added.)

{¶ 20} App.R. 4(A)(1) requires that the notice of appeal be filed within 30 days of the entry of judgment.   However, App.R. 4(A)(3) further provides: "In a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service."   The Ohio Supreme Court has unanimously held that "[t]he 30-day time period to file a notice of appeal begins upon service of notice of the judgment and notation of service on the docket by the clerk of courts regardless of actual knowledge of the judgment by the parties."   *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, 26 N.E.3d 806, syllabus.

{¶ 21} The record reflects that the court served Brookhaven with the August 13, 2019 judgment electronically and served Mr. Seibel by ordinary mail.   The record does not show, however, that the clerk noted the service in the appearance docket.   As a result, the clerk did not "complete service" of the August 13, 2019 judgment and the time for filing an appeal from that judgment did not begin to run.   Although Brookhaven's notice of appeal was filed more than 30 days after the entry of the August 13 judgment, we conclude that Brookhaven's appeal from both judgments was timely.

### III. Dismissal of Brookhaven's Action

{¶ 22} At the time the trial court dismissed Brookhaven's action, the motion before it was Brookhaven's motion for default judgment, filed on June 20, 2019.   Default judgments are governed by Civ.R. 55, which provides in part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these

rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.]"

{¶ 23} Civ.R. 55 generally authorizes the entry of a default judgment based on the fact that the defending party has failed to plead or otherwise defend against the claims. *See Lane v. U.S. Bank, N.A.*, 10th Dist. Franklin No. 18AP-197, 2018-Ohio-3140, ¶ 9, citing *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121, 502 N.E.2d 599 (1986) ("Typically, the entry of default judgment is proper because the failure to appear or defend against the plaintiff's claims is deemed a confession of their veracity, and, therefore, an admission of liability.").

{¶ 24} Here, Mr. Seibel was served with the complaint and failed to answer. The record reflects that Mrs. Seibel was served and failed to file a timely answer within her lifetime. After her death, the administrator of Mrs. Seibel's estate was substituted as a party for Mrs. Seibel, yet the administrator failed to file an answer by and through counsel. The burden was on the defending parties to raise, by answer or motion, any deficiencies in Brookhaven's claims.

{¶ 25} The trial court's August 13 judgment stated that the matter was before the trial court "on the submission by counsel for plaintiff of an entry for default judgment," but the court did not mention Civ.R. 55 nor did it discuss that Rule's requirements in its analysis. Rather, the trial court appeared to convert the motion to one under Civ.R. 12(B)(6) or Civ.R. 56 and sua sponte dismissed Brookhaven's action, concluding that Brookhaven "fail[ed] to set forth compliance with a condition precedent to filing" a claim for necessaries against Mr. Seibel and failed to file a claim against Mrs. Seibel's estate. Further, the court based its factual findings and legal conclusions on the record in Probate Case No. 2018 EST 140,

which was unrelated to the parties in this case.

{¶ 26} A court may dismiss a complaint sua sponte if the complaint "is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14. A trial court's summary dismissal of an action is reviewed for an abuse of discretion. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 160-161, 656 N.E.2d 1288 (1995). A court abuses its discretion by acting in a manner that is unreasonable, arbitrary or unconscionable. *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996).

{¶ 27} We addressed a trial court's sua sponte dismissal of a complaint in *Tarver v. IRS Dept.*, 2d Dist. Montgomery No. 26741, 2016-Ohio-3199:

"In general, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) only if the parties are given notice of the court's intention to dismiss and an opportunity to respond." A trial court errs when it dismisses a complaint "sua sponte, without first notifying all parties of its intent." "The notice requirement exists in order to insure that, to the extent possible, cases are decided on the merits and that a party facing dismissal is given the opportunity to obey the court order in question by either curing the defect, proceeding with the matter or voluntarily dismissing the case without prejudice."

"A sua sponte dismissal without notice or an opportunity to respond is fundamentally unfair to litigants." "It places the court in the role of a proponent rather than an independent entity." "Sua sponte dismissals also prejudice [plaintiffs] as they deny any opportunity to respond to the alleged

insufficiencies."

(Citations omitted.) *Id.* at ¶ 5-6.

{¶ 28} The trial court erred in failing to provide notice to Brookhaven that it intended to dismiss the complaint. This error was compounded by the court's taking of judicial notice of facts contained in the record in Probate Case No. 2018 EST 00140. While a court may take notice of judicial opinions and public records available through the Internet, *e.g., State v. Bevers*, 2d Dist. Montgomery No. 27651, 2018-Ohio-4135, ¶ 13, a review of the Montgomery County Probate Court's online docket reflects two probate cases for decedents named Phyllis Seibel.

{¶ 29} The suggestion of death filed by Brookhaven's counsel indicated that Mrs. Seibel died on November 18, 2018, and counsel subsequently informed the trial court that HCF Management had been appointed as the administrator of Mrs. Seibel's estate in Probate Case No. 2018 EST 00357. The death certificate in that case corroborated Mrs. Seibel's date of death and listed Paul Seibel as her spouse. In contrast, the death certificate in Probate Case No. 2018 EST 00140 showed a date of death of December 31, 2017 (prior to the filing of Brookhaven's complaint), and indicated that the decedent was widowed and not remarried.

{¶ 30} When the trial court dismissed Brookhaven's action, the death certificates had been filed in both probate cases. A review of the probate cases established that the probate cases involved different individuals and that the correct case for Mrs. Seibel was Probate Case No. 2019 EST 00357. There was nothing in Probate Case No. 2018 EST 00140 to suggest that the decedents in the two cases were the same individual or that counsel for Brookhaven was mistaken when it cited to Probate Case No. 2018 EST 00357 in

Brookhaven's filings.

{¶ 31} Even if the record in the probate case were relevant to Brookhaven's motion for default judgment, the trial court improperly relied on facts gleaned from Probate Case No. 2018 EST 00140 in determining that Brookhaven could not pursue its claims against Mr. Seibel or Mrs. Seibel's estate. Most notably, the trial court incorrectly found that Mrs. Seibel had died prior to the filing of Brookhaven's complaint and that Brookhaven failed to make a timely claim against Mrs. Seibel's estate. The trial court's failure to provide Brookhaven notice of the possible dismissal of its case based on the record in Probate Case No. 2018 EST 00140 denied Brookhaven the opportunity to clarify which probate case related to Mrs. Seibel and how Brookhaven's actions in the probate court affected, if at all, Brookhaven's claims.

{¶ 32} The trial court arguably attempted to consider Mrs. Seibel's probate case (although it ultimately looked at the case for the wrong Phyllis Seibel) as part of its review of Brookhaven's motion for default judgment.

{¶ 33} This court has recognized that a default judgment is not proper when the complaint fails to state a claim on which relief can be granted. *See Brown v. Christianson*, 2d Dist. Montgomery No. 28188, 2019-Ohio-2937, ¶ 13, citing *Buckeye Supply Co. v. Northeast Drilling Co.*, 24 Ohio App.3d 134, 135-136, 493 N.E.2d 964 (9th Dist.1985), citing *Am. Bankers Ins. Co. of Florida v. Leist*, 117 Ohio App. 20, 25-26, 189 N.E.2d 456 (4th Dist.1962). Some Ohio appellate cases have held that a movant is not entitled to a default judgment if the complaint does not state a claim upon which relief may be granted, *see, e.g., Lane*, 10th Dist. Franklin No. 18AP-197, 2018-Ohio-3140 (the trial court properly took judicial notice of a prior case and applied res judicata in denying plaintiff's motion for default

judgment and dismissing an action), while others address the issue in the context of whether relief from such a judgment should be granted. *See, e.g.*, *Brown* at ¶ 13 (Civ.R. 60(B)(5) would allow relief from judgment where a plaintiff has obtained a default judgment against a defendant despite having no legal right to recovery); *Natl. Collegiate Student Loan Tr. 2003-1 v. Beverly*, 6th Dist. Huron No. H-13-010, 2014-Ohio-4346; *Student Loan Marketing Assn. v. Karnavas*, 11th Dist. Trumbull No. 92-T-4718, 1993 WL 164709, *2 (May 14, 1993); *Buckeye Supply Co.*

{¶ 34} Even if the trial court concluded that it required more information (i.e., information from Mrs. Seibel's probate case) to determine whether Brookville stated a claim for relief, Civ.R. 55(A) addresses situations where the factual questions make the right to a default judgment unclear. It provides, in part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

{¶ 35} To the extent that the trial court had factual questions about Brookhaven's entitlement to a default judgment, the trial court could have conducted a hearing to resolve those matters. However, the trial court did not notify the parties that factual questions existed, conduct any hearing, or otherwise "order such references as it deems necessary." Moreover, the trial court did not simply deny the motion for default judgment. Instead, based on its factual findings and legal conclusions upon review of the (incorrect) probate

court record, the court dismissed Brookhaven's action.

**{¶ 36}** In short, we conclude that the trial court abused its discretion in sua sponte dismissing Brookhaven's action.

### IV. Civ.R. 60(B) Motion

**{¶ 37}** Brookhaven also challenges the trial court's denial of its motion for relief from judgment pursuant to Civ.R. 60(B). In light of our conclusions regarding the trial court's dismissal of Brookhaven's action, Brookhaven's appeal from the September 20, 2019 judgment denying Civ.R. 60(B) relief is moot.

### V. Conclusion

**{¶ 38}** The trial court's August 13, 2019 judgment of dismissal is reversed, and the matter is remanded to the trial court for further proceedings.

. . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Robert C. Wiesenmayer
Paul Seibel
HCF Management
Hon. Richard Skelton