OPINION
{¶ 1} Plaintiff-appellant Associates First Capital Corporation (hereinafter "Associates") appeals from a decision of the Montgomery County Common Pleas Court which vacated an earlier grant of default judgment and an order of deed and distribution of sale proceeds in a foreclosure action on a residential property located at 141 West Nottingham Road in Dayton, Ohio. Associates also appeals an order of the trial court which granted Appellees Dale and Sheila Crane's (hereinafter "the Cranes") motion for restitution of property pursuant to the vacation of the default judgment.
 {¶ 2} Associates commenced an action for foreclosure against the Cranes on January 2, 2004. On January 9, 2004, the Cranes received service of the complaint. After failing to receive an answer or other responsive pleading from the Cranes, Associates filed a motion for default judgment on February 23, 2004, which the trial court subsequently granted on March 2, 2004.
 {¶ 3} On August 27, 2004, Associates purchased the property back at a Sheriff's Sale. A judgment entry ordering a Sheriff's Deed and distribution of the sale proceeds was filed on March 25, 2005.
 {¶ 4} On July 13, 2005, pursuant to Civ. R. 60(B), the Cranes filed a motion to vacate the default judgment and the order of deed and distribution of sale proceeds. The trial court granted both motions on August 3, 2005. On August 8, 2005, the Cranes filed an answer to Associates' original complaint as well as a motion for restitution of the subject property. The trial court granted the motion for restitution one day later on August 9, 2005. Associates filed a timely notice of appeal on September 8, 2005.
 I {¶ 5} Associates' sole assignment is as follows:
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING THE MOTIONS OF DEFENDANTS-APPELLEES TO VACATE ORDER OF DEED AND DISTRIBUTION OF SALE PROCEEDS AND TO VACATE DEFAULT JUDGMENT AND IN GRANTING THE MOTION FOR RESTITUTION OF PROPERTY."
 {¶ 7} In its sole assignment, Associates contends that the trial court abused its discretion when it granted the Cranes' motion to vacate default judgment and the order of deed and distribution of sale proceeds. Additionally, Associates argues that the trial court erred when it granted the Cranes' motion for restitution of the subject property. Because we find that the trial court erred when it vacated the default judgment, any other issues raised by Associates are rendered moot by this decision.
 {¶ 8} Rule 60(B) of the Ohio Rules of Civil Procedure states in pertinent part:
 {¶ 9} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: 1) Mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); 3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or 5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
 {¶ 10} The movant must also demonstrate that he or she has a meritorious defense or claim to present if relief is granted.GTE Automatic Elec. V. ARC industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113. The movant is not required to establish that he will prevail, but must allege a meritorious defense. MiamiSys. v. Drycleaning Computer Sys. (1993), 90 Ohio App.3d 181,184, 628 N.E.2d 122.
 {¶ 11} The Cranes argue that their motion to vacate the default judgment was predicated on the insufficiency of Associates' initial complaint pursuant to Civ. R. 10(D). The Cranes assert that such a defense does not clearly fit into any of the categories listed in Civ. R. 60(B)(1) through (4). Rather, their claim falls under Civ. R.60(B)(5), the catch-all provision. The Cranes correctly note that motions filed under Civ. R. 60(B)(5) do not have to filed within one year, only within a reasonable time. Thus, the fact that the Cranes filed their motion to vacate just over a year after the default judgment was granted is immaterial for the purposes of this appeal. The sole issue for our consideration is whether the Cranes presented a meritorious defense.
 {¶ 12} The Cranes contend that the failure to comply with Civ. R. 10(D) is a meritorious defense "because it challenges the sufficiency of the complaint." Appellees' Brief, pg. 7. Essentially, the Cranes argue that Associates did not comply with Civ. R. 10(D) when it failed to attach a copy of the promissory note to its complaint. Civ. R. 10(D) states in pertinent part:
 {¶ 13} "(1) Account or Written Instrument. When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached,the reason for the omission must be stated in the pleading." (Emphasis added).
 {¶ 14} The First Count of Associates' complaint states as follows:
 {¶ 15} "Plaintiff says that it is the owner and holder of a certain promissory note, a copy of which cannot be located, butwill immediately be attached hereto and incorporated herein andmarked as EXHIBIT A upon receipt; that by reason of default in payment of said note and mortgage securing same, it has declared said debt due; that there is due and unpaid thereon the sum of $103,520.81 plus interest at the rate of 10.78% per annum from June 1, 2003." (Emphasis added).
 {¶ 16} After examining Civ. R. 10(D) in conjunction with the First Count of Associates' complaint, we find that there was no failure to comply with said Rule. Although the promissory note was not attached to the complaint, pursuant to Civ. R. 10(D), Associates provided the reason for the omission of the document. Thus, the Cranes' reliance on Civ. R. 10(D) as a basis for vacation of the default judgment is misplaced.
 {¶ 17} More importantly, the Cranes do not provide an adequate reason for their failure to file an answer to Associates' complaint. The Cranes were clearly aware that a complaint sounding in foreclosure had been filed against them. The record indicates that they were properly served with the complaint, and the Cranes had retained counsel, albeit two different attorneys, throughout the pendency of the case. Still, they provide us with no reason as to why they chose not to file a responsive pleading.
 {¶ 18} Both Dale and Sheila Crane were served with a court summons that provided as follows:
 {¶ 19} "YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON TED A. HUMBERT, OR UPON ASSOCIATES FIRST CAPITAL CORPORATION, IF S/HE HAS NO ATTORNEY OF RECORD, A COPY OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT (28) DAYS AFTER SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER MUST BE FILED WITH THE COURT WITHIN THREE (3) DAYS AFTER THE SERVICE OF A COPY OF THE ANSWER ON TED A. HUMBERT."
 {¶ 20} "IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT."
 {¶ 21} The emphasized portions of the summons could not be any clearer. The Cranes were on notice that if they failed to file an answer with the trial court, a default judgment would be entered against them. Their failure to file an answer with court is inexcusable, within the contemplation of Civ. R. 60(B).
 {¶ 22} Simply because the Cranes were allegedly negotiating with Associates to avoid foreclosure does not excuse them from their duty to file an answer. Had they filed an answer or other responsive pleading, they could have addressed Associates' failure to attach a copy of the promissory note to the complaint with a motion to dismiss. Instead, they chose not to answer the complaint, thereby allowing a default judgment to be entered against them. Additionally, we note that nothing in the record evidences that any negotiations actually occurred. The trial court erred when it granted the Cranes' motion to vacate the default judgment pursuant to Civ. R. 60(B).
 {¶ 23} Lastly, the trial court's order, dated August 3, 2005, which vacated "all judgment entries ordering a deed and distribution sale proceeds" as well as the grant of the Cranes' motion for restitution of the subject property are likewise reversed. Simply put, there is no support in the record for the Cranes' assertion that Associates acted fraudulently or made any misrepresentations with respect to the sale of the property.
 {¶ 24} Associates' sole assignment of error is sustained.
 II {¶ 25} Associates' sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
Wolff, J. and Fain, J., concur.