[Cite as *Wells Fargo Bank, N.A. v. Bielec*, 2014-Ohio-1805.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Wells Fargo Bank, N.A., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-330 |
| | | (C.P.C. No. 11CV-0639) |
| Kathryn A. Bielec aka Kathy Bielec et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

## D E C I S I O N

### Rendered on April 29, 2014

*Thompson Hine, L.L.P., Scott A. King* and *Terry W. Posey,* for appellee.

*Paul Wallace,* for appellants.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Defendants-appellants, Kathryn A. Beilec and Robert J. Beilec ("appellants"), appeal from a judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment filed by plaintiff-appellee, Wells Fargo Bank, N.A. ("Wells Fargo"). For the reasons that follow, we affirm the judgment of the trial court.

### A. Facts and Procedural History

{¶ 2} In October 2004, appellants' executed a promissory note ("Note") in the sum of $161,000 in favor of Wells Fargo, and a first mortgage on real property located at 487 Thedri Avenue, Gahanna, Ohio, as security for the borrowed sum ("Mortgage"). When appellants defaulted on payment, Wells Fargo commenced a foreclosure action in the Franklin County Court of Common Pleas on January 14, 2011. In Count I of the

complaint, Wells Fargo sought judgment on the note in the amount of $148, 980. 93, plus interest at 6 percent per annum from March 1, 2010, court costs, advances, and other allowable charges. In Count II, Wells Fargo sought a judgment of foreclosure and an order of sale.

{¶ 3} On July 9, 2012, the trial court denied the parties cross-motions for summary judgment. A court magistrate subsequently tried the case on November 7, 2012. On December 5, 2012, the magistrate recommended judgment in favor of Wells Fargo as to both counts of the complaint. On December 19, 2012, appellants' filed objections to the magistrate's decision and a motion to supplement their objections with a copy of the transcript of proceedings. Appellants' subsequently filed a motion for extension of time to secure the transcript. On January 9, 2013, the trial court granted appellants leave until January 31, 2013, to supplement their previously filed objections and to file the transcript of proceedings. On February 1, 2013, appellants' filed their supplemental objections but did not file the transcript.

{¶ 4} On February 7, 2013, Wells Fargo filed their memorandum in opposition to appellants' original objections. Appellants' subsequently filed the trial transcript on February 12, 2013, but without the exhibits. The next day, appellants' filed their reply. Wells Fargo filed its response to appellants' supplemental objections on February 18, 2013.

{¶ 5} On March 25, 2013, the trial court issued a decision overruling appellants' objections and adopting the magistrate's decision as its own. The trial court subsequently issued its judgment entry and decree in foreclosure on March 28, 2013. On that same date, appellants' filed a copy of the trial transcript, complete with the exhibits.

{¶ 6} Appellants' filed a timely notice of appeal to this court on April 19, 2013.

### B. Assignments of Error

{¶ 7} Appellants' assign the following as error on appeal:

> I. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF HAD NOT MODIFIED ITS PROMISSORY NOTE AND MORTGAGE.
>
> II. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF WAS NOT BARRED FROM ENFRCING (sic) ITS

NOTE AND MORTGAGE UNDER THE DOCTRINE OF PROMISSORY ESTOPPEL.

## C. Standard of Review

{¶ 8}  When reviewing a trial court's adoption of a magistrate's decision, we generally apply an abuse of discretion standard. *Wells Fargo Bank, N.A. v. Rahman*, 10th Dist. No. 13AP-376, 2013-Ohio-5037, citing *Mayle v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 15.  With respect to the trial court's adoption of a magistrate's factual findings, Civ.R. 53(D)(3)(b), provides in relevant part:

> **(iii)** *Objection to magistrate's factual finding; transcript or affidavit.* **An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding.**
>
> **(iv)** *Waiver of right to assign adoption by court as error on appeal.* **Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).**

{¶ 9}  The trial court's March 25, 2013 decision contains the following discussion:

> The Court agrees with Plaintiff that, at least as of the time of filing their Supplemental Objections on February 1, 2013, the transcript of the proceedings had not yet been filed by Defendants and that technically, Defendants thus are precluded from asserting their objections to any factual findings of the Magistrate or any claim that the trial court erred in adopting the factual findings. *Colo. v. Ledesma,* 3rd Dist. No. 13-017-02, 2007-Ohio-3975, ¶¶11-13 (2007 Ohio App. LEXIS 3594) (citations omitted.) *Nonetheless, the Court also finds that Plaintiff has not been prejudiced by the belated filing of the transcript and accordingly the Court has considered it, along with the exhibits that are part of the record as of the date of this entry.*

(Emphasis added.)

{¶ 10} Based upon the foregoing, it is clear that the trial court sua sponte granted appellants leave to file the transcript. It is also clear that the trial court considered the transcript in reviewing the magistrate's findings of fact. Additionally, the record contains a "Notice of Filing of Loan Modification Agreement" that was filed by Wells Fargo on January 9, 2012. Attached thereto as exhibit "A" is what Wells Fargo represents as a "Loan Modification Agreement."

{¶ 11} Inasmuch as the trial court considered the transcript in adopting the magistrate's decision, we will consult the transcript in our review of the trial court's decision. Similarly, given the fact that Wells Fargo filed a written loan modification agreement on January 9, 2012, and given the fact that the trial court expressly considered "all exhibits that are part of the records as of the date of this entry," we shall consider the document in reviewing the trial court's adoption of the magistrate's decision. However, to the extent that appellants now challenge the trial court's adoption of any factual finding that was based solely upon the exhibits admitted at the bench trial, but not otherwise appearing in the record, we shall consider such a finding as unchallenged. *See* Civ.R. 53(D)(3)(b)(iv).[1]

 D. Legal Analysis

   1. Loan Modification

{¶ 12} In appellants' first assignment of error, appellants argue that the trial court abused its discretion when it adopted the magistrate's conclusions of law. More particularly, appellants contend that evidence shows that the parties modified the terms of the Note and Mortgage. We disagree.

{¶ 13} Appellants' first claim of error is the trial court's alleged failure to consider the written loan modification agreement signed by appellants and admitted into evidence as exhibit No. 4. As noted, appellants' did not timely file the exhibits and they were not before the trial court when it considered appellants' objections. The trial court stated, however, that it considered any exhibits that were part of the record at the time it ruled on the objections, which included the Loan Modification Agreement that Wells Fargo filed on

---

[1] Although appellants admit no fault regarding the absence of the exhibits, the burden is upon the party objecting to a magistrate's factual finding to support its objection with "all the evidence submitted to the magistrate relevant to that finding." Civ.R. 53(D)(3)(b)(iii).

January 9, 2012. The testimony establishes that exhibit No. 4, is a copy of the very "Loan Modification Agreement" Wells Fargo filed with the court on January 9, 2012. (Tr. 21, 44-45.) Accordingly, the record reveals that the trial court did consider the written loan modification signed by appellants in ruling on the appellants' objections even though the trial court's decision does not expressly mention it.

{¶ 14} Appellants also rely on the testimony of appellant, Kathy Beilec, in support of each of their defenses to the foreclosure action, including loan modification. Beilec testified that she contacted Wells Fargo by telephone in August of 2009, in order to make two mortgage payments totaling $2,600. Appellants were three or four months behind in their payments at that time, but Wells Fargo had not yet sent appellants a notice of default. According to Beilec, the Wells Fargo representative informed her that appellants might be eligible for a loan modification under the Home Affordable Modification Program ("HAMP"), subject to verification of the financial information Bielec had provided to the representative. The representative reportedly told Bielec to withhold further mortgage payments until October 1, 2009, at which time appellants were to begin making reduced payments of $1,007 per month. Bielec did not make the payment she planned to make.

{¶ 15} Bielec stated that, thereafter, appellants received a document from Wells Fargo entitled "Home Affordable Modification Program, Trial Loan Period." According to Beilec, the document provided that appellants were to commence making reduced monthly payments of $1,007 until February 2010; that they were to cooperate with Wells Fargo in providing the information necessary to complete the loan modification process; and that time was of the essence. Based upon her conversations with Wells Fargo representatives, Beilec believed that by providing the required documents to Wells Fargo and making the payments as scheduled, Wells Fargo would approve the loan modification and execute a loan modification agreement. Appellants signed the document and returned it to Wells Fargo. Wells Fargo informed Beilec that it was not their policy to return a signed copy to the mortgagor. We note that exhibit No. 4 bears the signatures of appellants but not of Wells Fargo.

{¶ 16} Beilec testified that over the course of the next several months, Wells Fargo requested hundreds of documents from appellants and that she complied with each

request, even though many were redundant. In June, 2010, Wells Fargo sent appellants written notice that the HAMP loan had not been approved. Although Beilec admitted that appellants received the notice, Beilec continued to make the reduced monthly payments through September 2010, when Wells Fargo notified her, over the telephone, that it would not accept the lower payments. Thereafter, appellants made monthly payments of $1,370 through December 2010, when Wells Fargo demanded that appellants pay all past due sums, including late payment fees and interest. Appellants disputed the amount demanded by Wells Fargo and made no further payments. Wells Fargo commenced the foreclosure action in January 2011.

{¶ 17} The statute of frauds, as codified in R.C. 1335.05, states that no action shall be brought upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them "unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized." Similarly, R.C. 1335.02 states that "no party to a loan agreement may bring an action on a loan agreement unless the agreement is in writing and signed by the party against whom the action is brought."

{¶ 18} There is no dispute that any agreement modifying the terms of the Note and Mortgage in this case is legally enforceable only if the parties memorialize such an agreement in writing. Contrary to appellants' assertion, exhibit No. 4 is not such an agreement. Indeed, the title of the document strongly supports Wells Fargo's contention that exhibit No. 4 memorializes only a temporary deviation from the payment terms of the Note and Mortgage pending approval of a permanent modification of the Note and Mortgage. Moreover, immediately beneath the title of the document is the parenthetical: "(Step One of Two-Step Documentation Process)." The document also contains the following recital: "I understand that after I sign and return two copies of this Plan to the Lender, the Lender will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Lender sign it and the Lender provides me with a copy of this Plan with the Lender's signature." As noted above, exhibit No. 4 does not bear the signature of Wells Fargo.

{¶ 19} Similarly, the document clearly informs appellants that the trial period is not a final and enforceable "Modification Agreement," and that upon approval by Wells Fargo, the parties were to execute a "Modification Agreement."[2] Bielec's testimony does not alter the fact that exhibit No. 4 memorializes a temporary alteration of the monthly payment pending final approval of a HAMP loan modification; nor does Bielec's testimony necessarily conflict with that of Wells Fargo's Vice President of Loan Documentation, Sarah Thayer, who testified that an actual modification of the Note and Mortgage was not to occur until the second step in the loan modification process had been completed. There is no question that the parties did not subsequently execute a written HAMP Modification Agreement. In short, there is no merit in appellants' claims that the original Note and Mortgage are now unenforceable due to the execution of a subsequent written agreement.

{¶ 20} We also find no merit in appellants' contention that Wells Fargo admitted that the parties modified the Note and Mortgage by its responses to appellants' request for admissions. Given the evidence as set forth above, it is clear that Wells Fargo admitted only that it agreed to a temporary modification of appellants' monthly payments during the HAMP trial period. Contrary to appellants' assertion, Wells Fargo's admissions were not dispositive of the ultimate issue in this case.

{¶ 21} For the foregoing reasons, appellants' first assignment of error is overruled.

### 2. Promissory Estoppel

{¶ 22} Appellants argue, in their second assignment of error, that even if the parties did not execute a written loan modification agreement, Wells Fargo should be estopped from enforcing the original Note and Mortgage given the compelling evidence that appellants relied to their detriment on the promise of a modification. Again, we disagree.

{¶ 23} As a general rule, promissory estoppel arises where there is: (1) a clear and unambiguous promise; (2) reliance upon the promise by the person to whom the promise is made; (3) reliance is reasonable and foreseeable; and (4) the party seeking to enforce

---

[2] Exhibit No. 4 states in relevant part: "I understand that the Plan is not a modification of the Loan Documents"; and "If I comply with the requirements * * * the Lender will send me a Modification Agreement."

the agreement is injured as a result of its reliance. *Garb-Ko, Inc. v. Benderson,* 10th Dist. No. 12AP-430, 2013-Ohio-1249. The promissory estoppel exception to the statute of frauds, however, is permitted only where the promisor has either misrepresented that the statute of fraud's requirements have been met or promised to make a memorandum of the agreement. *Huntington Natl. Bank v. Antrobius*, 11th Dist. No. 2012-P-0036, 2012-Ohio-5936, ¶ 33, citing *Beaverpark Assoc. v. Larry Stein Realty Co.*, 2nd Dist. No. 14950, (Aug. 30, 1995); *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgt., Inc.*, 87 Ohio App.3d 613 (8th Dist.1993).

{¶ 24} Appellants have not alleged that Wells Fargo misrepresented the writing requirements applicable to the proposed loan modification agreement. Furthermore, to the extent that appellants claim that Wells Fargo promised to execute a written HAMP loan modification agreement at the end of the trial period, the evidence does not support appellants' claim. In fact, the evidence shows: that the parties agreed to a temporary modification of the monthly mortgage payments pending approval of a permanent modification of the Note and Mortgage; that the temporary trial period expired by its own terms; and that Wells Fargo never approved a permanent loan modification. Indeed, the very exhibit upon which appellants rely, serves to defeat their contention that Wells Fargo promised to execute a legally enforceable agreement that would permanently alter the terms of the Note and Mortgage.

{¶ 25} While we agree that the evidence supports appellants' contention that Wells Fargo may have provided them with conflicting or misleading information about the status of their HAMP loan, there is no dispute that, in June 2010, Wells Fargo sent appellants written notice that the proposed loan modification was disapproved. Nevertheless, appellants continued to make monthly payments at the lower rate for several more months. Appellants also admit that, as the HAMP process unfolded, they continued to receive correspondence from Wells Fargo evidencing a large and growing overdue balance. Appellants further acknowledge that they were three or four months behind in their mortgage payments at the time the HAMP loan was first discussed.

{¶ 26} In short, the evidence does not support appellants' assertion that Wells Fargo promised to execute an enforceable loan modification agreement, nor does it justify

a finding that Wells Fargo should be estopped from pursuing this instant foreclosure action under the original Note and Mortgage. Accordingly, the trial court did not abuse its discretion in adopting the magistrate's decision. Appellants' second assignment of error is overruled.

### E. Conclusion

{¶ 27} In the final analysis, we find that appellants failed to produce sufficient evidence in support of any of their defenses to the foreclosure action. Accordingly, we hold that the trial court did not abuse its discretion when it adopted the magistrate's findings of fact and conclusions of law as its own, and entered judgment in favor of Wells Fargo.

{¶ 28} Having overruled each of appellants' assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).

—————————————