[Cite as *Nationstar Mortgage, L.L.C. v. Abston*, 2019-Ohio-3003.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28252 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-4923 |
| | : | |
| DONALD C. ABSTON, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of July, 2019.

. . . . . . . . . . .

PHILLIP BARRAGATE, Atty. Reg. No. 0063017 and ASHLYN HEIDER, Atty. Reg. No. 0086074, 4805 Montgomery Road, Suite 320, Norwood, Ohio 45212
      Attorneys for Plaintiff-Appellee

MARCELLE ROSE ANTHONY, Atty. Reg. No. 0026115, 700 Stonehenge Parkway, Suite 2B, Dublin, Ohio 43017
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** Defendant-appellant Donald Abston appeals the trial court's judgment overruling his Civ.R. 60(B) motion for relief from a default judgment of foreclosure entered for plaintiff-appellee Nationstar Mortgage LLC d/b/a Mr. Cooper. Finding no error, we affirm.

## I. Facts and Procedural History

**{¶ 2}** On February 15, 2013, Abston executed a promissory note and he and his former wife executed a mortgage with PNC Mortgage, which later assigned the mortgage to Nationstar. In 2017, Abston fell behind in his payments. Nationstar sent him a letter, dated September 15, 2017, in which it offered him payment relief by modifying his loan. To obtain the modification, Abston had to participate in a Trial Period Plan (TPP). The TPP required him to make three consecutive payments by the last days of October, November, and December 2017. The letter also told Abston that to avoid foreclosure he must contact Nationstar to accept the offer or must make his first payment by September 29, 2017. The letter further said: "Once you have successfully made each of the three monthly Trial Period Plan payments by the due dates, we will send you the final modification agreement which is required to be signed and returned to us. We will also sign this modification agreement and your account will be permanently modified in accordance with the terms of the modification agreement." Abston did not contact Nationstar or make his first TPP payment by September 29.

**{¶ 3}** On October 20, Nationstar filed a foreclosure action against Abston seeking judgment on the note and foreclosure of the mortgage. Abston was served with the summons and complaint seven days later. That same day, Abston contacted Nationstar

and arranged to make his first TPP payment. Abston made his second payment on November 16. Nationstar moved to stay the foreclosure proceedings; on December 6, the motion was granted and the action was administratively dismissed, subject to reactivation. Abston made his third and final TPP payment on December 18.

{¶ 4} On January 5, 2018, Nationstar mailed Abston the final modification agreement. Almost a month later, Abston called Nationstar and was told that he would need to return the agreement signed and notarized by both him and his wife. When Abston said that he and his wife had divorced, Nationstar told him that, in lieu of his wife's signature, he would need to send a copy of the divorce decree. Abston returned the modification agreement, along with a check for the new monthly payment. He did not send a copy of the divorce decree and had simply crossed out his former wife's signature line in the agreement. On February 13, 2018, Nationstar sent Abston a new copy of the modification agreement. Abston did not sign and return the new copy or submit a copy of the divorce decree, but on March 6, 2018, he made a payment in accordance with the modification agreement.

{¶ 5} Nationstar sent Abston a letter dated April 6, 2018, telling him that he had not been approved for a loan modification. The letter advised Abston that he had 30 days to appeal the decision. Abston did not appeal. He did, though, send another payment. Nationstar returned the payment to him on April 26, 2018 with a letter telling Abston that it was insufficient to bring his account current. Abston called Nationstar on May 7, 2018, with a question about the amount of his May payment and was told that he had not been approved for the loan modification.

{¶ 6} On May 9, 2018, Nationstar moved to reactivate the foreclosure proceedings

and served the motion on Abston by regular mail. Two days later, the trial court granted the motion. On May 16, 2018, Nationstar moved for default judgment, serving the motion on Abston again by regular mail. Abston failed to file an answer or otherwise respond. On May 31, 2018 the trial court granted the motion and entered a final judgment of foreclosure.

{¶ 7} While the record does not make the details clear, it appears that sometime after Abston's May 7, 2018 call to Nationstar, he did submit a copy of the divorce decree. Curiously, Nationstar sent Abston a letter, dated June 2, 2018, telling him that it had reviewed his documentation, that his response was complete, and that a 30-day evaluation period had begun. The letter further told Abston that Nationstar would not proceed with a foreclosure sale before evaluating his response. Two weeks later, Nationstar sent Abston another letter, dated June 14, 2018, telling him that he had not been approved for the loan modification. Like the April 6 letter, this letter advised Abston that he had 30 days to appeal the decision. Abston did not appeal.

{¶ 8} On July 10, 2018, Abston moved to stay the foreclosure proceedings so that he could file a motion for relief from judgment, and on July 13, 2018, he filed a motion for relief from judgment under Civ.R. 60(B). The trial court granted the motion to stay, but on December 17, 2018, the court overruled the motion for relief from judgment.

{¶ 9} Abston appeals.

## II. Analysis

{¶ 10} Abston presents five assignments of error for our review. The first four challenge the substance of the trial court's judgment and the last challenges the lack of a

hearing on the relief motion.[1]

{¶ 11} "The standard of review of a trial court's decision on a Civ. R. 60(B) motion is the abuse of discretion standard." (Citation omitted.) *Discover Bank v. Wells*, 2d Dist. Clark No. 2018-CA-44, 2018-Ohio-4637, ¶ 26. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 12} A trial court may set aside a default judgment under Civ.R. 60(B) if the movant demonstrates that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The grounds for relief enumerated in the rule include "mistake, inadvertence, surprise or excusable neglect," Civ.R. 60(B)(1), and "fraud (whether heretofore denominated intrinsic

---

[1] On 2-28-19 Nationstar filed a motion to strike the appendix to Abston's brief, stating that it contained incomplete information that had been submitted to the trial court and contained Freddie Mac mortgage service guidelines that were not before that court. Abston replied on March 12, 2019, arguing that the partial trial court materials were for our "ease of access" and that the guidelines were publicly available. Attaching some 40 pages of material to a brief does not ease access when we must nonetheless confirm what is in the record and verify an attachment's accuracy. We rely on the record and the law instead of attachments. We grant to motion to strike the appendix.

or extrinsic), misrepresentation or other misconduct of an adverse party," Civ.R. 60(B)(3).

{¶ 13} Abston argued in his Civ.R. 60(B) motion that he was not in default of the note and that he had a claim for promissory estoppel. He argued for relief on the grounds of excusable neglect and fraud. The trial court rejected these arguments. In the first and second assignments of error, Abston challenges the rejection of the lack-of-default defense and promissory-estoppel claim, and in the third and fourth assignments of error he challenges the rejection of the two grounds for relief.

### A. Meritorious defense or claim

{¶ 14} "In order to establish a meritorious claim or defense under Civ.R. 60(B), the movant is required to allege a meritorious claim or defense, not to prove that she will prevail on that claim or defense." (Citation omitted.) *GMAC Mtge., L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 32 (2d Dist.). "A 'meritorious defense' means a defense 'going to the merits, substance, or essentials of the case.' * * * Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside." *Wayne Mut. Ins. Co. v. Marlow*, 2d Dist. Montgomery No. 16882, 1998 WL 288912, *2-3 (Jun. 5, 1998), quoting *Black's Law Dictionary*, 290 (6th Ed.Rev.1991); *see also Herring* at ¶ 32 (quoting the same). "Broad, conclusory statements do not satisfy the requirement that a Civ.R. 60(B) motion must be supported by operative facts that would warrant relief from judgment." *Herring* at ¶ 32, citing *Cunningham v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 08AP-330, 2008-Ohio-6911, ¶ 37, and *Bennitt v. Bennitt*, 8th Dist. Cuyahoga Nos. 65094 and 66055, 1994 WL 236295 (May 26, 1994). "A party seeking relief from judgment is not required to prove

that he or she will prevail on the meritorious defense; the movant is merely required to allege the existence of such a defense." (Citation omitted.) *UBS Real Estate Securities, Inc. v. Teague*, 191 Ohio App.3d 189, 2010-Ohio-5634, 945 N.E.2d 573, ¶ 23 (2d Dist.).

1. *Not-in-default defense*

{¶ 15} The first assignment of error alleges:

The Trial Court erred in holding that Mr. Abston was in default of the Mortgage Loan, as he had entered into a valid and binding loan modification with Plaintiff-Appellee [Nationstar] Mortgage LLC.

{¶ 16} Abston contended in his motion for relief from judgment that he was not in default when Nationstar initiated foreclosure proceedings or when Nationstar moved to reactivate the proceedings and for default judgment. He argues that his loan had been modified by the modification agreement, which went into effect when he successfully completed the TPP and signed and returned the agreement. Abston says that Nationstar was bound by the agreement because it drafted, sent, and accepted the agreement that he signed and accepted payments made under the agreement.

{¶ 17} Abston points to the September 15 letter offering him the TPP and maintains that he accepted the TPP by making payments in October, November, and December 2017. But, as the trial court noted, the letter clearly stated that if Abston did not accept the offer or make his first payment by September 29, 2017, Nationstar could initiate foreclosure proceedings. The evidence shows that Abston did not accept the offer or make his first TPP payment by that date. He did not call Nationstar or make his first TPP payment until October 27, 2017, almost a month after the due date and a week after Nationstar initiated foreclosure proceedings.

{¶ 18} As the trial court further noted, the September 15 letter also clearly stated that a permanent loan modification would be effective only upon (1) Abston timely making the three TPP payments, (2) Abston signing and returning the modification agreement, and (3) Nationstar signing the agreement. In addition, Abston was told that he would need to provide a copy of his divorce decree. While Abston did make the three TPP payments and did sign and return the agreement, he crossed out his former wife's name and he did not timely provide a copy of his divorce decree. Consequently, Nationstar did not sign the agreement but mailed Abston a new copy of it. Abston did not return the new copy or send a copy of his divorce decree. Consequently, Nationstar declined to modify his loan and sent him a letter telling him so. Nationstar then waited more than a month before moving to reactivate the proceedings and moving for default judgment.

{¶ 19} Because Nationstar never signed the modification agreement and Abston did not timely send a copy of his divorce decree, the agreement never went into effect. Abston points out that the agreement did not require a divorce decree. While true, this does not help him. The agreement did require the signature of his former wife. Nationstar acknowledged that, in lieu of her signature, Abston could provide a copy of the divorce decree. Abston did not provide her signature or the divorce decree. Thus, not all of the conditions for the loan modification were satisfied. Moreover, Abston twice failed to avail himself of an internal appeal procedure after being informed that he was not approved for a modification.

{¶ 20} The trial court reasonably concluded that Abston failed to show that his not-in-default defense had merit.

{¶ 21} The first assignment of error is overruled.

## 2. *Promissory-estoppel claim*

**{¶ 22}** The second assignment of error alleges:

The Trial Court erred in holding that Mr. Abston did not allege a meritorious defense of promissory estoppel as the Court did not consider all of the circumstances and failed to hold a hearing to determine reasonable reliance.

**{¶ 23}** "In a claim for promissory estoppel, 'a plaintiff may enforce a clear and unambiguous promise, even in the absence of the consideration necessary to form a contract, if the plaintiff reasonably relies on the promise to his or her detriment.' " *Wells Fargo Fin. Ohio 1, Inc. v. Robinson*, 2d Dist. Champaign No. 2016-CA-23, 2017-Ohio-2888, ¶ 21, quoting *Americana Inv. Co. v. Natl. Contr. & Fixturing, LLC*, 10th Dist. Franklin No. 15AP-1010, 2016-Ohio-7067, ¶ 12.

**{¶ 24}** Here, Abston contends that the February 20, 2018 letter from Nationstar, telling him that "5/1/2018 marks the anniversary of the successful completion of your loan modification," stated a clear and unambiguous promise to modify his loan and that he relied on this promise to his detriment in making payments to Nationstar. Abston says that his reliance was reasonable and that Nationstar should have expected him to rely on the promise, because he had successfully completed the TPP, received, signed, and returned the Modification Agreement, and made payments under the agreement. Abston says that it was reasonable to assume that he would rely on Nationstar's promise to grant him a loan modification, pointing out that Nationstar did not send him a letter telling him that he needed to send additional documents, that Nationstar did not inform him of the need for additional documents after the modification agreement was signed and returned,

and that he did not receive service of any documents regarding the reactivation of his case. Abston says that, until Nationstar returned his April payment and he called to ask why, he was unaware of any problems.

**{¶ 25}** Like Abston, the defendants in *Robinson* asserted a claim of promissory estoppel. They contended that a TPP letter promised to modify their loan when it stated, "Once you make all of your trial period payments on time, we will send you a modification agreement detailing the terms of the modified loan." We disagreed. We noted that the letter also stated that " '[a]fter all trial period payments are timely made and you have submitted all the required documents, your mortgage may be modified.' " *Id.* at ¶ 22. We held that the letter did not clearly and unambiguously promise to modify the defendants' loan. "Indeed," we said, "entry into a TPP typically does not create a promise or binding agreement but simply 'memorializes only a temporary deviation from the payment terms of the note and Mortgage pending approval of a permanent modification of the Note and Mortgage.' That is the case here." *Id.* at ¶ 23, quoting *Wells Fargo Bank, N.A. v. Bielec*, 10th Dist. Franklin No. 13AP-330, 2014-Ohio-1805, ¶ 18.

**{¶ 26}** In the present case, we agree with the trial court that the February 20 letter was simply a misstatement of the loan's status, and even if we did not agree that the February 20 letter was a misstatement, it was nevertheless prospective of the May 1 anniversary. Well before the anticipated May 1, 2018 anniversary, Abston failed to complete other conditions of the modification, and he was specifically informed by the letter of April 6 that he was not approved for modification. In addition, promissory estoppel requires detrimental reliance on a clear and unambiguous promise. The letter of February 20, 2018, at best, was ambiguous since it suggested that the loan modification had been

successfully completed a year earlier on May 1, 2017, when in fact, the foreclosure was filed on October 20, 2017. It was unreasonable for Abston to rely on the February 20, 2018 prospective letter when Nationstar had told him that he needed to provide a copy of his divorce decree (which he had not done), and he received a new copy of the modification agreement (which he had not signed and returned). In addition, he was sent another letter in late April returning his April payment. Finally, even if the February 2018 letter somehow arguably caused Abston some confusion, he failed to demonstrate detrimental reliance. The only thing Abston subsequently did in response was make a payment, and that payment was returned to him.

{¶ 27} The trial court reasonably concluded that Abston failed to show that his claim for promissory estoppel had merit.

{¶ 28} The second assignment of error is overruled.

### B. Grounds for relief

{¶ 29} The third and fourth assignments of error concern the grounds for relief argued in Abston's Civ.R. 60(B) motion—excusable neglect and fraud.

### 1. *Excusable neglect*

{¶ 30} The third assignment of error alleges:

The Trial Court erred in holding that Mr. Abston's conduct did not amount to excusable neglect, as it failed to consider all of the circumstances or hold an oral hearing.

{¶ 31} Abston contends that his failure to file a response either to Nationstar's motion to reactivate the foreclosure action or to its motion for default judgment constituted excusable neglect. He says that he never received notice of either motion or that the

action had been reactivated.

{¶ 32} "The term 'excusable neglect' is an elusive concept which has been difficult to define and apply. Nevertheless, [the Ohio Supreme Court has] previously defined 'excusable neglect' in the negative and [has] stated that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting *GTE*, 47 Ohio St.2d at 153, 351 N.E.2d 113. But "negligent conduct is not excusable merely because it fails to rise to that level. Whether negligence is excusable requires consideration of all the surrounding facts and circumstances. * * * To be excusable, failure to perform an act must be justifiable under the facts and circumstances presented." (Citation omitted.) *Jones v. Gayhart*, 2d Dist. Montgomery No. 21838, 2007-Ohio-3584, ¶ 13.

{¶ 33} Abston says that he did not intentionally disregard the legal process. He asserts that he did not receive notice that the action had been reactivated and further that he was not aware there was a problem with the modification agreement until Nationstar sent back his April payment. Abston says that he proceeded through this litigation in good faith and continually tried to work with Nationstar to bring this dispute to a resolution. Abston's argument here seems to be, in essence, that because he thought they were working things out, he was justified in ignoring what was going on in the foreclosure proceedings.

{¶ 34} But we have said that, in the foreclosure context, negotiations to modify a loan do not constitute excusable neglect. *See CitiMortgage, Inc. v. Stanley*, 2d Dist. Greene No. 2018-CA-13, 2018-Ohio-4229, ¶ 15 (citing cases from the Fourth and Fifth

Appellate Districts); *Assocs. First Capital Corp. v. Crane*, 2d Dist. Montgomery No. 21259, 2006-Ohio-4145, ¶ 22. Abston failed to respond appropriately in the foreclosure proceedings. The September 15 letter clearly informed him that if he did not accept the offer or make his first payment by September 29, 2017, Nationstar could initiate foreclosure proceedings. And the foreclosure complaint and summons with which Abston was served stated:

> You are hereby summoned and required to serve upon the Plaintiff's attorney * * * a copy of an Answer to the Complaint within 28 days after receipt of this summons, exclusive of the day you received the summons. Your original Answer must be filed with the Clerk of Court's Office within 3 days after you serve the Plaintiff's attorney or Plaintiff.

> * * *

> If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.

{¶ 35} A month before it moved to reactivate the foreclosure proceedings, Nationstar sent Abston a letter advising him that he had not been approved for a permanent loan modification. When Abston called Nationstar, it confirmed that he had not been approved. Nationstar served its motion to reactivate the foreclosure proceedings on Abston by regular mail. Nationstar then served its motion for default judgment on Abston by regular mail. Abston did not file an answer or otherwise respond. The final judgment and decree of foreclosure was entered 15 days later.

{¶ 36} The failure to respond to a motion because of lack of notice "may satisfy the

excusable-neglect standard, depending on the facts and circumstances." *Teague*, 191 Ohio App.3d 189, 2010-Ohio-5634, 945 N.E.2d 573, at ¶ 31 (saying this with respect to a motion for summary judgment). The question, then, is whether Abston's Civ.R. 60(B) motion alleges operative facts that could constitute excusable neglect, specifically, that he did not respond to Nationstar's motions because he never received a copy of either motion.

{¶ 37} Abston admitted in his Civ.R. 60(B) motion for relief from judgment that he failed to file a responsive pleading, but he asserted that he "did not receive any notice that the Court had reinstated his case" and that "Plaintiff did not inform Mr. Abston that his case had been reinstated, nor did they inform him of any ongoing legal actions regarding his case." In his affidavit attached to his motion, Abston stated that he "never received anything from the Court regarding the reinstatement." But the "Proof of Service" page attached to the motion to reactivate the proceedings and the one attached to the motion for default judgment each lists Abston as has having been served with the motion by first-class mail. Abston does not state in his motion or affidavit that he was not served with Nationstar's motions.[2]

{¶ 38} Given the evidence, we believe that the trial court reasonably found that Abston did not establish excusable neglect as a ground for relief under Civ.R. 60(B). As the court said, Abston failed to avail himself of numerous opportunities to avoid default.

---

[2] Abston does make these assertions in his appellate and reply briefs. Abston asserts there that Nationstar "then reactivated the case and obtained a default judgment against Mr. Abston, without making him aware that it had filed Motions to do so." But these assertions were not before the trial court. Abston's affidavit in the trial court said the court never informed him of the reinstatement, but he did not deny receiving the motion for reinstatement or the motion for default, and he responded to neither.

{¶ 39} The third assignment of error is overruled.

2. *Fraud*

{¶ 40} The fourth assignment of error alleges:

> The Trial Court erred in holding that Mr. Abston did not sufficiently prove fraud when evidence was presented supporting Mr. Abston's allegations, and the Court did not hold a hearing to allow Mr. Abston the opportunity to support his claims.

{¶ 41} Abston contends that he alleged enough facts to show that Nationstar committed fraud and that the trial court should have held a hearing on the issue of whether Nationstar's actions constituted fraud.

{¶ 42} " 'In determining the existence of fraud of an adverse party for purposes of Civ.R. 60(B), the movant must prove the elements of fraud. In an action for fraud, the plaintiff must prove each of the following elements: (a) a representation, which (b) is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, (d) with the intent of misleading another into relying on it, (e) justifiable reliance upon the misrepresentation, and (f) a resulting injury proximately caused by the reliance.' " *Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, at ¶ 37, quoting *Hasch v. Hasch*, 11th Dist. Lake No. 2008-L-183, 2009-Ohio-6377, ¶ 42. Significantly, "the fraud must be material to obtaining a judgment, not fraud or misconduct upon which a defense was or could have been based." *Id.*

{¶ 43} Here, the only fraud alleged by Abston was Nationstar's representation in its motion to reactivate the proceedings that the parties had been unable to reach an agreement through loss mitigation. Based on the facts already discussed, the trial court

reasonably concluded that Nationstar's representation was not fraudulent. We agree. Abston failed to show that he was entitled to relief from judgment based on fraud.

{¶ 44} The fourth assignment of error is overruled.

## C. Hearing

{¶ 45} The fifth assignment of error alleges:

The Trial Court erred in denying Mr. Abston's Civ.R. 60(B) Motion for Relief without holding an oral hearing.

{¶ 46} "[A] movant has no automatic right to a hearing on a motion for relief from judgment." *Hrabak v. Collins*, 108 Ohio App.3d 117, 121, 670 N.E.2d 281 (8th Dist.1995). "It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing only if the motion or supportive affidavits contain allegations of operative facts that would warrant relief under Civ.R. 60(B)." (Citations omitted.) *Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, at ¶ 33.

{¶ 47} Here, the trial court stated that it did not hold a hearing on Abston's motion for relief because Abston failed to show a meritorious defense or claim. Because we hold that the trial court's meritorious-defense-or-claim conclusions were reasonable, we cannot say that the trial court should have held a hearing. We note too that nowhere in his motion for relief did Abston ask for a hearing.

{¶ 48} The fifth assignment of error is overruled.

## III. Conclusion

{¶ 49} We have overruled all of the assignments of error presented. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Michele Phipps
Phillip Barragate
Ashlyn Heider
Marcelle Rose Anthony
Calvary SPV I LLC
Hon. Steven K. Dankof