[Cite as *FIG20, L.L.C. v. Aldana*, 2023-Ohio-4560.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| FIG20, LLC FBO SEC PTY | : | |
| | : | |
| Appellees | : | C.A. No. 29852 |
| | : | |
| v. | : | Trial Court Case No. 2023 CV 01360 |
| | : | |
| MIGUEL ALDANA, et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on December 15, 2023

. . . . . . . . . . .

ERIC T. DEIGHTON, Attorney for Appellees

MIGUEL ALDANA, Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Miguel Aldana appeals from a default judgment entered against him on a foreclosure action filed by FIG20, LLC FBO SEC PTY ("FIG20"). For the reasons that follow, we affirm.


I.       **Factual and Procedural Background**

**{¶ 2}** On March 17, 2023, FIG20 filed an action in foreclosure against Aldana. In the complaint, FIG20 alleged that it had purchased two Montgomery County tax liens filed against a duplex property owned by Aldana and known as 266 and 268 S. Findlay Street in Dayton. On April 27, 2023, the trial court filed a notice of default in which it permitted Aldana 14 days to file an answer or other responsive pleading in order to avoid default judgment. In June 2023, FIG20 filed a motion for default judgment. On June 20, 2023, the trial court entered default judgment against Aldana. Aldana filed a notice of appeal on July 7, 2023.

## II.     Analysis

**{¶ 3}** The sole assignment of error asserted by Aldana states as follows:

FIG20 LLC GBO SEC PTY FAILED TO CONTACT ME TO MY UPDATED MAILING ADDRESS LISTED WITH THE TAX ASSESSOR

FIG20 LLC FBO SEC PTY FAILED TO RUN AN ADD [SIC] AS IN CASE NOTED IN PAGE 2 (2023 CV 04050)

FIG20 ONLY SERVED US FOR ONE PROPERTY BUT IN THE CASE 2 TAX LIENS ARE SITED [SIC]

**{¶ 4}** The argument raised in Aldana's pro se appellate brief is difficult to discern. In the first two sentences of the statement of assignment of error, he arguably claims FIG20 did not properly serve him with notice of the proceedings. However, in the third sentence of the assignment of error, he seems to admit service but claims it was deficient

because there were two tax liens cited with service for only one property. Further, the entirety of his argument, as written, is as follows:

> My argument is that the Tax system should sell Tax Lien to Companies who are trying to help the citizen keep their homes, and provide programs to do so. And at least return calls and have a live person to speak to. A lot of elderly people can't use these automated systems this company has to assist the caller. Tax Lien Companies should be screened selected and monitored for compliance with new mandates that will help Ohio citizen stay in their homes.

Aldana's appellate brief then goes on to state that he will provide "more documentation and video" to support his arguments.

{¶ 5} We turn first to the issue of service. Under Civ.R. 4.1(A), service may be made by certified or express mail, personal service, or commercial carrier service. "Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Chilcote v. Kugelman*, 8th Dist. Cuyahoga No. 98873, 2013-Ohio-1896, ¶ 10, citing *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980). "A trial court lacks jurisdiction to render a judgment against a defendant if effective service of process has not been made on the defendant and the defendant has not appeared in the case or waived service." (Citation omitted.) *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 2006-Ohio-5568, 862 N.E.2d 885, ¶ 8 (8th Dist.). "A judgment in the absence of personal jurisdiction over the defendant is void." *Lincoln Tavern, Inc. v.*

*Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956).

{¶ 6} The plaintiff bears the burden of obtaining proper service upon a defendant. *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). Where the plaintiff follows the civil rules governing the service of process, the service is presumed to be proper unless the defendant rebuts the presumption with sufficient evidence of nonservice. *Rafalski v. Oates*, 17 Ohio App.3d 65, 66, 477 N.E.2d 1212 (8th Dist.1984).

{¶ 7} We first note that Aldana's claim that service was deficient because he was "only served for one property" lacks merit. The record shows Montgomery County filed two separate tax liens covering two separate periods of time against one property owned by Aldana. The suit filed by FIG20 involves its right to foreclose on the Findlay Street property following its purchase of the two tax liens filed against that property. FIG20 was not required to effectuate service twice for one lawsuit.

{¶ 8} Otherwise, Aldana does not cite any deficiency with the service of process in this case. A review of the record demonstrates that service was perfected in compliance with Civ.R. 4.1(A). Thus, we find no merit in any claim that Aldana was not properly served with notice.

{¶ 9} We next address his argument that we should reverse the default judgment because FIG20 refused to return his calls and did not work with him to permit him to retain his property. We note there is no competent evidence in the record to support these claims. Furthermore, there is no evidence that FIG20 failed to comply with any laws in the pursuit of its foreclosure action. Thus, we find no merit in this argument.

{¶ 10} Finally, we will treat Aldana's argument as though he has made a claim that the trial court improperly rendered default judgment against him.

{¶ 11} Default judgments are governed by Civ.R. 55, which provides in part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.]" Civ.R. 55(A). "Civ.R. 55 generally authorizes the entry of a default judgment based on the fact that the defending party has failed to plead or otherwise defend against the claims." *Brookville Ents., Inc. v. Seibel*, 2d Dist. Montgomery No. 28561, 2020-Ohio-948, ¶ 23. "The purpose of Civ.R. 55(A) is to prevent a defendant from employing inaction or delay as a litigation strategy in order to avoid or defeat a plaintiff's claim for relief." *Gary R. Gorby & Assocs. v. McCarty*, 2d Dist. Clark No. 2010-CA-71, 2011-Ohio-1983, ¶ 33, quoting *Med-Care Convalescent Supply, Inc. v. Grafton Assocs.*, 2d Dist. Montgomery Nos. 14587, 14648, 1995 WL 137032, *3 (Mar. 31, 1995).

{¶ 12} We review a trial court's decision to grant a default judgment for abuse of discretion. *Natl. Collegiate Student Loan Tr. 2007-2 v. Tigner*, 2d Dist. Montgomery No. 27841, 2018-Ohio-4442, ¶ 9. An abuse of discretion suggests the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} Aldana does not deny the existence or validity of the tax liens. He does not contest the validity of the sale of those liens to FIG20, and he does not assert any defense that would prevent foreclosure. Instead, he merely argues that FIG20 should

have worked with him to effectuate payment of the liens prior to initiating this action.

**{¶ 14}** Aldana's failure to file an answer or other responsive pleading is not excused by the fact that he was allegedly attempting to negotiate with FIG20 to avoid foreclosure. *See Assoc. First Capital Corp. v. Crane*, 2d Dist. Montgomery No. 21259, 2006-Ohio-4145, ¶ 22. Because Aldana does not assert any valid defense to the claims made by FIG20 and the record does not disclose any error, we conclude that Aldana has failed to demonstrate that the trial court abused its discretion in rendering default judgment against him.

**{¶ 15}** Accordingly, the sole assignment of error is overruled.

### III.    Conclusion

**{¶ 16}** The judgment of the Common Pleas Court is affirmed.

. . . . . . . . . . . . .


WELBAUM, P.J. and HUFFMAN, J., concur.